## LEE v. GALENA–SIGNAL OIL CO. OF PENNSYLVANIA et al.   (No. 9192.)

Court of Civil Appeals of Texas. Galveston. July 11, 1928.

**1. Appeal and error ⬉150(1)—One showing interest entitling him to hearing before appointment of receiver may appeal from orders refusing permission to intervene and appointing receiver.**

One asking permission to intervene may appeal from orders refusing such permission and appointing a receiver for defendant corporation, if he showed such interest in subject-matter of litigation as entitled him to be heard before property could properly go into custodia legis.

**2. Pleading ⬉214(1)—Averments of plea asking permission to intervene must be taken as true on demurrers.**

Averments of a plea asking permission to intervene in a suit must be taken as true on demurrers thereto.

**3. Corporations ⬉556—Averments of corporation bondholder's plea, asking permission to intervene in suit for appointment of receiver, held to state facts requiring hearing (Rev. St. 1925, art. 2318).**

Averments of plea, asking permission to intervene as holder of defendant corporation's bonds in suit by corporation owning all of defendant's capital stock for appointment of receiver, that defendant corporation and trustee under trust deed securing bonds agreed to appointment of receiver and filed general demurrer and denial as mere pretense to cloak their purpose to nullify contract embodied in deed not to allow appointment of receiver and to violate Rev. St. 1925, art. 2318, *held* to state facts requiring court to hear proffered contest before assuming control of property affected.

**4. Corporations ⬉556—While neither stockholder in holding company nor bondholder under trust deed of subsidiary company may, ordinarily, intervene in receivership proceedings against latter, corporation owning all of another corporation's stock may be treated as sole owner and operator of latter's business.**

Ordinarily, neither stockholder in mere holding company, nor bondholder under trust deed executed by subsidiary company, may individually intervene in proceeding by stockholders of latter corporation for appointment of receiver, where no violation of law, fraud, or collusion appears, but when one corporation owns all the stock of another, court may, in some instances and for some purposes, ignore existence of latter and treat dominant company as sole owner and operator of controlled corporation's business.

**5. Corporations ⬉556—Bondholder's plea asking permission to intervene in receivership proceeding held not fatally defective in not alleging futile demand for action by mortgage trustee.**

Bondholder's plea asking permission to intervene in suit for appointment of receiver for corporation *held* not fatally defective in not averring that he first notified and called on trustee to rectify wrongs charged as required by trust deed securing bonds before appealing to court in propria persona, in view of averments showing that such demand would have been futile.

**6. Corporations ⬉556—Holder of corporation bonds secured by trust deed held entitled to intervene in receivership proceeding.**

Owner of corporation bonds, being first lienholder under trust deed securing them, was entitled, like other mortgagees, to intervene in action for appointment of receiver, since he could not file independent suit after property came into custody of court.

**7. Corporations ⬉556—Averment of plea, asking permission to intervene in receivership proceeding, that receivership would probably reduce value of corporation's assets, precluding payment of intervener's bonds, sufficiently alleged that he would be injured.**

Averment of plea, asking permission to intervene in receivership proceeding, that receivership would be very ruinous and detrimental to values of all properties involved and probably destroy value of defendant corporation's capital stock and reduce value of its assets, so that bonds held by intervener would not be paid in full at maturity, sufficiently alleged that intervener would be injuriously affected.

8. **Corporations** ⊚⟹684—Foreign corporation without permit to do business in state may sue for appointment of receiver for local subsidiary corporation (Rev. St. 1925, arts. 1529, 1536).

Mere fact that plaintiff was a foreign corporation without a permit to do business in Texas did not prohibit its bringing suit for appointment of receiver for a subsidiary Texas corporation under Rev. St. 1925, arts. 1529, 1536.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by the Galena-Signal Oil Company of Pennsylvania against the Galena-Signal Oil Company of Texas and another, in which T. P. Lee asked permission to intervene. From orders refusing such permission and appointing a receiver for named defendant, Lee appeals. Reversed and remanded, with instructions.

Morris, Sewell & Morris, of Houston, and Beeman Strong, of Beaumont, for appellant.

Berry & Moore, of Houston, and Crawford & Harris, of New York City, for appellee Galena-Signal Oil Co.

Wright Morrow, of Houston, for appellee Fidelity Trust Co. of Houston.

GRAVES, J. [1] This appeal is from orders of the district court of Harris county refusing permission to T. P. Lee to intervene in this suit and appointing therein over his protest a receiver for the Galena-Signal Oil Company of Texas, severally entered in the sequence stated on the 4th and 6th days of February, 1928; being regularly prosecuted from both these decrees, it plainly lies under the principle applied in Childress v. Trust Co. (Tex. Civ. App.) 32 S. W. 330, provided Lee showed such interest in the subject-matter of the litigation as entitled him to be heard before the property could properly go into custodia legis; as we think he did, for reasons given infra, the appellees' motion here to dismiss the appeal cannot be sustained.

All the parties except appellant being private corporations, the suit was one by the Galena-Signal Oil Company of Pennsylvania against its alleged subsidiary, the Galena-Signal Oil Company of Texas, upon a claimed indebtedness to itself direct of $323,500—as well as because of various asserted defaults in other respects and to other parties—to which the appellee Fidelity Trust Company was made a party as being the trustee under a prior deed of trust the defendant company had given on certain of its property as security for the redemption of its previously issued bonds for $3,800,000, the immediate appointment of a receiver being also sought and prayed for as indispensable to any relief for the plaintiff.

While declaring briefly upon its debt, $300,-000 of it as for money loaned, the balance as having accrued on current account, the plaintiffs' petition at length elaborated upon the cause of action for a receiver, the outstanding averments on that feature being, in substance, that:

(1) It owned and held as sole stockholder all of the entire $12,000,000 capital stock of the defendant Galena-Signal Company of Texas, except for qualifying shares of directors, and therefore was the sole beneficial owner of the equity that might remain of its assets after payment of all its indebtedness.

(2) Back in 1918 the defendant company, under its then corporate name, had delivered to the appellee Fidelity Trust Company of Houston, Tex., as trustee, its deed of trust conveying certain properties therein described to the latter to secure the payment of the $3,-800,000 in bonds, above mentioned, which were referred to as "fifteen-year first mortgage 6 per cent. sinking fund gold bonds."

(3) Under the terms of the trust deed the Galena-Signal Company of Texas undertook to retire each year not less than 10 per cent. of the amount outstanding on these bonds as of July 1, 1923, which required it to continue in the future paying large sums both yearly and monthly to the trustee for that purpose, in addition to what it had already so paid; it was further indebted to various creditors upon current bills for about $38,000, had sold and warranted the title to $600,000 worth of lands upon which an adverse suit has since been filed, had improvidently both allowed a half million dollars of uncollected indebtedness for current merchandise to accumulate against one of its customers and entered into a large number of unprofitable contracts with others for the sale and delivery of its products.

(4) The property and assets of the subsidiary, consisting of enumerated lands and the improvements thereon, personalty, stocks of crude petroleum and its finished products and derivatives, as well as the capital stock of a number of its own dependent and affiliated companies at home and abroad, while worth far more than the amount still outstanding on the $3,800,000 bonds, provided time could be had for the liquidation thereof with a minimum loss, would bring much less at forced sale; its sales and depreciation account for the six months ending with October of 1927 before the filing of this suit in the following December showed a total loss of nearly $1,-500,000, and the same or even a greater rate of loss was certain to ensue should the company continue active business operations any longer, to the extent that its entire assets, both quick and fixed, would soon become greatly impaired if not in fact dissipated.

(5) The defendant concern was, further, not carrying out the purposes of its incorporation, in that, though fully solvent, with aggregate property at fair valuation more than suffi-

cient to pay all its debts, it yet had closed its refinery and was allowing its properties to stand idle to their serious detriment in resulting depreciation, and being also unable to meet its current obligations in due course of business, had in consequence of all the acts charged come to be in imminent danger of insolvency.

(6) The plaintiff, as owner of the capital stock of the subsidiary, owes and desires to perform a duty first of all to the bondholders of the latter, then to the other creditors, including itself and its own stockholders, and, having no adequate remedy at law, having made the trustee a party in view of sections 8 and 3, articles V and VI, respectively, of the deed of trust, prays for the appointment of a receiver as the only way under all the circumstances to stop the waste, mismanagement, and improvident conduct of the business alleged, and to conserve the assets of the Texas Galena-Signal Company for the benefit of all the bondholders, other creditors, and stockholders.

To this petition the defendants, Fidelity Trust Company of Houston and Galena-Signal Oil Company of Texas, each made answer consisting merely of a general demurrer and general denial.

Appellant Lee filed his plea, asking permission to intervene in the cause, alleging:

"(1) That the Galena-Signal Oil Company of Pennsylvania has a capital stock of approximately $22,000,000; that the Galena-Signal Oil Company of Texas has a capital stock of approximately $12,000,000; that the American Republics Corporation has a capital stock of approximately $10,000,000 par preferred and 400,000 shares of non-par authorized, of which approximately 209,000 shares have been issued and are now outstanding.

"(2) That the Galena-Signal Oil Company of Pennsylvania owns all of the capital stock of the Galena-Signal Oil Company of Texas, and that he, the said T. P. Lee, intervener, owns more than $1,000,000 par value of the preferred stock of the American Republics Corporation, and that the American Republics Corporation owns approximately one-third of the total capital stock of the Galena-Signal Oil Company of Pennsylvania. That said T. P. Lee now owns and holds $5,000 worth of bonds heretofore issued by the Galena-Signal Oil Company of Texas secured by deed of trust on the properties involved in this lawsuit, with the Fidelity Trust Company of Houston, one of the defendants herein, as trustee.

"(3) That the receivership herein, and under which a temporary receiver has been appointed, and in which proceeding the plaintiff now seeks to have same made permanent, is in violation of the laws of the state of Texas, and is in violation of the rights of all parties at interest, and therefore the rights of this intervener, and that such receivership would be very ruinous and detrimental to the values of all the property involved in this suit, and would compel and force an undue sacrifice thereof, and would probably destroy the value of the capital stock of said Galena-Signal Oil Company of Texas, and reduce the value of its assets, so that the securities held by this intervener and other persons could not and would not be paid in full at maturity, nor even now, if this proceeding is continued and the assets liquidated under such receivership.

"(4) Intervener alleges and charges that the receivership so sought can be and should be defeated, if properly contested; that this intervener has called upon and requested the American Republics Corporation to intervene in this suit and contest the appointment of such receiver and defeat the same, if possible, and that said American Republics Corporation has failed to so intervene; and that while the Fidelity Trust Company of Houston has filed a general demurrer and general denial, and while the Galena-Signal Oil Company of Texas has filed a general demurrer and general denial in this cause, he alleges and charges that they do not intend, either jointly or severally, to seriously contest the appointment or continuation of such receivership, but that on the contrary that they and the American Republics Corporation are perfectly in harmony and accord with the present application to have a receiver appointed and to liquidate the assets of the properties, and that such receivership is the result of a plain, common understanding and of the joint co-operation of all of the corporations so named, and is in truth and in fact a receivership sought by the Galena-Signal Oil Company of Pennsylvania, which is a foreign corporation, with no permit to do business in Texas, and which, as alleged, owns all of the stock of the Galena-Signal Oil Company of Texas and has no right to maintain this suit, and that the Galena-Signal Oil Company of Texas has invited and agreed to and acquiesced in and adopted said proceeding, thus making it a receivership either directly or indirectly brought about by the Galena-Signal Oil Company of Texas, in violation of the statute laws of this state, and that this lawsuit should be defended and such receivership defeated.

"Because of all the facts stated herein, as well as the facts hereinafter stated, the said T. P. Lee prays that this honorable court permit him to intervene herein and contest and defeat the proposed receivership."

The plea then proceeds to directly answer the plaintiffs' petition, first through a number of demurrers and exceptions raising in different manner substantially the same issues it otherwise tenders, and next by charging:

"(1) That the Galena-Signal Oil Company of Pennsylvania is a foreign corporation; that it has never filed with the secretary of state of the state of Texas its articles of incorporation for the purpose of procuring a permit to do business in this state, and has no permit, and therefore has no right to maintain this suit at all. * * *

"(2) This intervener alleges and charges that the American Republics Corporation is a Delaware corporation, of which J. S. Cullinan, who resides in Houston, Harris county, Tex., is president; that said corporation absolutely dominates, controls, and directs all the material operations of the Galena-Signal Oil Company of Pennsylvania and the Galena-Signal Oil Company of Texas and of the Fidelity Trust

Company of Houston, trustee; that if the said American Republics Corporation as a corporation does not officially so dictate, control, and direct such operations, nevertheless its president, J. S. Cullinan, either as such president, or because of his position· as president of such corporation, or because of his position and relation to all of said corporations, as well as numerous other corporations and large concerns, either officially or personally, directs every material transaction, including the election of directors, the appointment of officers and employees of all important places, and that he does this with the consent, acquiescence, and approval of all of said corporations, and with such consent, acquiescence, and approval controls and directs the management and operation of all of said corporations as completely and absolutely as if he, or the American Republics Corporation, owned them by title in fee simple; that if the Galena-Signal Oil Company of Texas is in the deplorable condition set forth in plaintiff's petition, that its financial condition at present was brought about by and through the manipulation, instigation, direction, and management of the said American Republics Corporation and the said J..S. Cullinan, and of the Galena-Signal Oil Company of Pennsylvania, plaintiff herein, and of the Fidelity Trust Company of Houston, Tex., and of the Galena-Signal Oil Company of Texas itself.

"(3) Your intervener further alleges and charges that the receivership now sought in this lawsuit was and is the result of a joint, common understanding among all of said corporations and parties, and is a receivership sought to be brought about by the direct request of the Galena-Signal Oil Company of Texas, and by the direct suggestion and request of the American Republics Corporation, or its president, or by the Galena-Signal Oil Company of Pennsylvania, or by the said J. S. Cullinan, acting for said Galena-Signal Oil Company of Pennsylvania, or by the Fidelity Trust Company of Houston, Tex., or by all of them jointly or by one or more of them and one or more of the other, and if the Galena-Signal Oil Company of Texas did not take the initiative, it was all done on the mutual understanding of all concerned, and your intervener says that the same method of controlling and managing such business has been carried on for many years, with the full acquiescence, consent, and approval of the Galena-Signal Oil Company of Texas, and that bringing this suit in the name of the Galena-Signal Oil Company of Pennsylvania was done as a mere convenience or subterfuge rather than to attempt to bring it in the name of Galena-Signal Oil Company of Texas, and that in truth and in fact, for all intents and purposes, and in substance and in law, this lawsuit is an application made by the Galena-Signal Oil Company of Texas in the name of the plaintiff in this suit, and is just as much a receivership sought by the Galena-Signal Oil Company of Texas as if the suit were filed in its name, and is in direct violation of the statute law of this state (R. S. 1925, art. 2318) and should not be permitted; and these facts this intervener is ready to verify."

The plaintiff and each of the defendants separately filed general exceptions to the sufficiency of the plea for intervention, which the court sustained after a hearing upon the matter, and not only refused appellant permission to intervene, but also proceeded over his further protest to appoint the permanent receiver. Likewise in this court, as the appellees, the other three litigants make common cause in seeking the affirmance of the action thus taken below.

[2, 3] In our opinion, the averments of appellant's plea, which under the demurrers must be taken as true, stated facts that clearly required the learned trial court in the exercise of its equity powers to hear the proffered contest before assuming control of the property affected.

[4] Ordinarily it is true, as appellees very ably argue under citation of authorities like Sabre v. Traction Co. (D. C.) 225 F. 601; Watkins v. Bank, 53 Tex. Civ. App. 437, 115 S. W. 304; Continental & Commercial Trust & Savings Bank v. Allis-Chalmers Co. (D. C.) 200 F. 600; Palmer v. Trust Co. (C. C. A.) 12 F.(2d) 747; Trust Co. v. Virginia Co. (C. C.) 132 F. 921; Cannon v. Cudahy Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634; Rospigliosi v. R. R. Co. (C. C. A.) 237 F. 341, that neither a stockholder in a mere holding company for a corporation securing by statute its corporate form and rights, nor one of the bondholders under a deed of trust executed by it in favor of himself and others as beneficiaries which expressly commits to a designated trustee the protection of their rights, may individually intervene in the application of stockholders in such corporation itself for a receiver, where no violation of law, fraud, or collusion appears; but two special if not unusual features concur in this instance, we think, to take this case out of the operation of these general rules and bring it within another principle both sides here recognize, but as to the applicability of which they differ, that is:

"It is true that, when one corporation owns all the stock of another corporation, the court may, in some instances and for some purposes, ignore the existence of the latter and treat the dominant company as if it alone were the owner and operator of the business of the controlled corporation." Sabre v. Traction Co., supra (D. C.) 225 F. at page 604.

In the first place, the effect of this plea was to charge the fraudulent violation of law and contract, together with collusive action towards the accomplishment thereof, upon the part of the other three parties to the cause; in the second, a positive statute of the state, R. S. art. 2318 of 1925, forbade the appointment of a receiver upon an application made as this one was alleged to have in reality been. This conclusion seems clear when you back off a little way and look at appellant's averments with some perspective; the statute declared:

"No receiver of a joint stock or incorporated company, copartnership or private person shall ever be appointed on the petition of such joint

stock or incorporated company, partnership or person. A stockholder or stockholders of such joint stock or incorporated company may have his or their action against such company, and may have a receiver appointed as in ordinary cases. Nothing herein shall prevent a member of any copartnership from having a receiver appointed whenever a cause of action arises between the copartners.

By way of making that expressed public policy a matter of specifically stated private contract also, the deed of trust recited:

"The company (Galena-Signal of Texas) covenants and agrees that it will not avail itself of any bankruptcy or insolvency law of the United States or of any state or territory thereof, and it will not suffer or allow any receiver to be appointed of the company or of its property, and it will not become insolvent, but will maintain its organization, its charter and franchise, and will preserve the continuity and integrity of its business."

The act of bad faith then directly laid at the doors of both the trustee and the Galena-Signal of Texas is that, while pretending to resist, they each in truth had already agreed with the Galena-Signal of Pennsylvania and American Republics Corporation to have a receiver appointed for the Texas concern to liquidate its assets, and that, having already so "invited, agreed to, acquiesced in, and adopted said proceeding," their filing of a general demurrer and general denial in this suit was a mere pretense to cloak their real purpose to nullify the contract they had made, as well as violate the law of the state.

Surely these alleged acts upon the trustee's part, if true, showed steps taken by and circumstances affecting it that were inconsistent with the discharge of its functions under the deed of trust requiring equal treatment of all those interested in the properties it was so commissioned to conserve and administer. It certainly was not privileged, in open contravention of this mutually agreed upon right of every bondholder to have the service it so undertook rendered outside of any court, to aid, abet, or even acquiesce in the saddling of a manipulated receivership—which, in other terms, the bill for intervention unmistakably alleged this one to be—upon the properties securing these bonds, but, rather, had the affirmative duty of doing all in its power to prevent that denouement.

As concerns the two Galena-Signal corporations, it would seem a work of supererogation to even recapitulate wherein the rejected plea arraigned each of them for having unjustifiably done indirectly what they were not permitted to do directly; if, as in plain purport charged, the subsidiary in all its ostensibly individual acts as an independent entity was in reality the mere dummy for or alter ego of the dominating company owning all its stock and controlling its every function, a court of equity by which alone this proceeding was cognizable would look straight through its corporate form into the heart of what was thus being done by another under its clothing; if, as against alleged conditions that neither authorized nor justified the placing of the properties securing appellant's bonds under the court's management to the resulting detriment of his interest as a lienholder, the parent concern, to rescue its subsidiary's business from asserted financial complications it itself was charged with having caused, in fact brought this suit for receivership on behalf of the latter in its own name "as a mere convenience or subterfuge," using the previously arranged for and willing acquiescence of both defendants to that end, it thereby plainly disclosed the occasion under and purpose for which the court could ignore the existence of its mere shadow and look to it alone as the operator of the business affected; especially would such a resort be justifiable here, where the holding company in the first instance stood apart and saw the appellant pay out his money for the bonds he still held, virtually under the tripartite assurance to him from all the opposing litigants in this proceeding that the maker of these bonds "would not suffer or allow any receiver to be appointed" for it. To then by concerted action bring about the happening of that very thing would constitute a sort of Dr. Jekyll and Mr. Hyde existence the general principles of equity—to say nothing of the interdicting statute of Texas—would not permit even a corporation to lead.

As this court said in a very similar case in ultimate effect, B. & T. Corporation v. Life Insurance Co., 233 S. W. 1022, writ of error refused:

"To apply the technical rules appertaining to the attributes of corporations contended for by appellants to such a situation as was here developed would, it seems to us, be exalting form above substance, appearance above reality, the very thing equity will not do. In addition to the fact of his ownership of the whole of the stock, the evidence before us justifies the further conclusion that this 'distinct corporate entity,' as appellants term it, was but a cloak to shield Hopkins in his individual operations, and that, if the plea of ultra vires had prevailed and this indebtedness been declared null and void as against appellants, he after being undisputedly shown to have received and used all the proceeds of the loan, and despite his admitted liability in propria persona, would yet have been enabled, through the use of this corporate vestment, to avoid repayment of the money he had so borrowed and used and also to still retain the property he had pledged as security for it. No principle of either law or equity with which this court is familiar looks with favor upon such legal legerdemain as that."

See, also, Gamer v. Tuscany (Tex. Civ. App.) 264 S. W. 132, subds. 4, 5.

Our statute, too, seems to us to simply mean what it so plainly says, that no receiver of a corporation shall ever be appointed on its own

petition and if the controlled one here was thus to all intents and purposes the dominating one under merely slightly different name and form, that was precisely what was procured to be done in this instance; the evident objective of this enactment was to prevent a corporation from invoking the appointment of a receiver and thereby staying the hands of its creditors, not to create a vehicle through which a commercial concern might both own and operate the business of a subsidiary, and in which, after having traded it afoot by its own mismanagement, it might ride away from those holding the first lien on its main properties without giving them a chance to object.

This court is not concerned with the intrinsic character of the order for the receivership, nor with how well it may or may not have provided for the protection of the property while under its control, since the only material issue the appeal from it presents is whether or not, in the circumstances, it should have been entered at all without permitting the appellant to be heard in opposition.

[5] The appellees also earnestly inveigh against appellant's plea as lacking what they term the indispensable averment that he first notified the trustee of and called without avail upon it to rectify the wrongs he charged before attempting in propria persona to appeal to the court, as was required under section 20, art. 6, of the deed of trust. It is true no such allegation appears, but it seems to us so obvious, if not indeed self-evident, from the fully quoted averments otherwise made, that such demand would have been futile, that we do not regard it as having been required. Del. & Hudson v. A. S. Ry. Co., 213 U. S. 435, 29 S. Ct. 540, 53 L. Ed. 862; American Creosote Works v. Powell (C. C. A.) 298 F. 417.

[6] To deny appellant the coveted right to so come into this action was to deny him any remedy at all, since he could not file an independent suit with the property affected already in the custody of the court; by reason of being the owner of the bonds he was a first lienholder against this property, pursuant to the terms of the deed of trust, and no reason occurs for not according him the right that is quite generally given other mortgagees similarly situated. Clark on Receivers, vol. 1, § 750; Tardy's Smith on Receivers, vol. 2, § 724; High on Receivers, § 254, B, C; Graves v. Hall, 27 Tex. 154; Polk v. King, 19 Tex. Civ. App. 666, 48 S. W. 601; Douglas v. Robertson (Tex. Civ. App.) 72 S. W. 868.

[7] Neither is the objection tenable that the plea failed to allege appellant would be injuriously affected by the suit, since this averment fully covers that feature:

"That such receivership would be very ruinous and detrimental to the values of all the properties involved in this suit, and would force an undue sacrifice thereof, and would probably destroy the value of the capital stock of the Galena-Signal Oil Company of Texas and reduce the value of its assets so that the securities held by this intervener and other persons could not and would not be paid in full at maturity."

[8] We agree with the appellees that the mere fact that the plaintiff below was a foreign corporation without a permit to do business in Texas did not prohibit its bringing this suit. Article 1529, Revised Statutes 1925; article 1536, Revised Statutes 1925; Geiser Mfg. Co. v. Gray, 59 Tex. Civ. App. 617, 126 S. W. 610; King v. Monitor Drill Co., 42 Tex. Civ. App. 288, 92 S. W. 1046; Norton v. Thomas (Tex. Civ. App.) 93 S. W. 711.

It follows from these conclusions that the denial of the plea was error; the judgment will therefore be reversed and the cause will be remanded to the trial court, with instructions to vacate the receivership, allow the intervention, hear the opposition thereby tendered against it before acting upon the application for a receiver, and determine the question in accordance with the principles announced herein.

Reversed and remanded, with instructions.