THE CITY OF ST. LOUIS, A MUNICIPAL CORPORATION, RESPONDENT, v.
SAM SILK AND JENNY SILK, DEFENDANTS-APPELLANTS, FRED C.
LANG, INTERVENOR-APPELLANT.—199 S. W. (2d) 23.

St. Louis Court of Appeals.   Opinion filed January 21, 1947.

Intervenor-Appellant's motion for rehearing, or, in the alternative, to transfer the cause to the Supreme Court of Missouri, overruled February 21, 1947.

*Frank Boland* and *Jerome Simon* for appellants.

*George L. Stemmler* and *William R. Davis* for respondent.

ANDERSON, J.—On September 17, 1943, the City of St. Louis filed this suit against Morris Eckert and Birdie Eckert, the record owners of property known as 4301 Lindell Boulevard, and against Fred C. Lang, the lessee of said property, to enjoin an alleged violation of the zoning ordinance of the City of St. Louis. After the filing of the suit, the premises were sold to Sam Silk and Jenny Silk, and thereafter on October 15, 1943, Sam Silk was made a party defendant, and on November 13, 1943, Jenny Silk was made a party defendant. On April 10, 1944, the case was dismissed as to Morris Eckert, Birdie Eckert, and Fred C. Lang, leaving as defendants Sam Silk and Jenny Silk, the then record owners of the property.

On December 11, 1945, the case came on for trial. Plaintiff's evidence supported the allegations of the petition, and showed that

under the zoning ordinance the building in question was in a multiple dwelling use district, and that Lang, contrary to the provisions of the ordinance, used the premises as a business office.. Defendants' evidence failed to support the defense, namely, that the property was used for business purposes prior to the enactment of the zoning ordinance, and hence was used in a legal manner as a non-conforming use under the ordinance.

On December 18, 1945, the court entered a decree in favor of the plaintiff, and on December 21, 1945, the defendants filed a motion for new trial. While this motion was pending, Fred C. Lang filed an application for leave to intervene as a party defendant in said cause. In said application Lang averred that the decree "is illegal, null and void in so far that it effects the rights of your petitioner, for the reason that your petitioner has expended large sums of money improving the real estate at 4301 Lindell Boulevard in the City of St. Louis, Missouri, has expended large sums of money advertising his business there and has a five year lease on said premises, and that said lease is duly recorded in the Recorder of Deeds office in the City of St. Louis, Missouri, and for this Court to permit its judgment and decree to stand, would deprive your petitioner of his constitutional rights in that it would take his property away from him without due process of law."

Said application then continued as follows:

"Your petitioner requests that he be permitted to intervene in this cause to avoid a multiplicity of suits and that the Court grant him the right to intervene and present testimony to show that the matters in controversy are *res adjudicata* in that a trial was had on the same issues herein involved and that said trial resulted in a verdict in favor of the property owners.

"Your petitioner further states that at the time of the filing of this suit he was named a party defendant but that the plaintiff subsequently dismissed as to your petitioner.

"WHEREFORE: Your petitioner prays an order from this Honorable Court to set aside its judgment and decree heretofore entered and to allow your petitioner to intervene in said cause as a party defendant and that he be granted a trial on the issues herein."

On February 14, 1946, plaintiff moved to dismiss Lang's application, which motion was in words and figures as follows:

"Comes now plaintiff The City of St. Louis, a municipal corporation, by leave of Court, files this its Motion to Dismiss Application of Fred C. Lang to Intervene in the Above Entitled Cause for the following reasons:

"a. That the applicant, Fred C. Lang, has no interest whatsoever in the subject of the above entitled action.

"b. That if the said applicant, Fred C. Lang, had a cause of action, he has been guilty of laches and whatever rights he may have had, have long since ceased to exist.

"c. That the alleged lease of the said Fred C. Lang was null and void in the beginning and that whatever lease he may have entered into with the present owners of said property, Sam Silk and Jenny Silk, his wife, is illegal because said lease was made in violation of the law and also because said lease was made long after the above entitled action was filed to restrain the Eckerts, the owners of the property in question at the time the above entitled cause was filed, and long after Sam Silk and Jenny Silk, his wife, the present owners and present defendants in the above cause were substituted as defendants in said action, and long after a decree had been entered by the Court herein restraining the defendants and any one holding under, through or by them from violating the zoning ordinance of the City of St. Louis.

"d. That the said applicant, Fred C. Lang, is a stranger to the above entitled cause and has no legal interest whatsoever in said action.

"e. That there was a hearing on November 18, 1942, before the Board of Adjustment provided for in the zoning ordinance in the interest of said applicant, Fred C. Lang, and that the Board of Adjustment found that the property involved in the above actions was not a property which could be used for commercial purposes under an alleged statement of the said applicant, Fred C. Lang, that it was a nonconforming use; that the said applicant, Fred C. Lang, and the owners of the property failed to appeal or request the Circuit Court of the City of St. Louis to issue a writ of *certiorari* and review said proceedings; that as a result of the action of the applicant, Fred C. Lang, the decision of the Board of Adjustment became final and *res adjudicata* of any and all of his alleged claims to the use of the property involved in the above entitled action; that if the said applicant, Fred C. Lang, has attempted to acquire any rights in the face of the local zoning ordinance or state law and in the face of the order of the Board of Adjustment, he has done these things with his eyes wide open and, therefore, acquires no right whatsoever under the law as a result of his careless and reckless spending.

"f. Plaintiff states that applicant has been maintaining large neon signs on the front of said property involved in the above entitled action; that said signs were never maintained on said property until said applicant, Fred C. Lang, began to occupy said property.

"g. That to permit said applicant, Fred, C. Lang, to intervene in said cause would not avoid a multiplicity of suits in connection or concerning the property involved herein.

"h. Plaintiff further states that there is no allegation of fact in the application of said Fred C. Lang which would entitle him to intervene in the above entitled action.

"WHEREFORE, plaintiff prays an order of this Court dismissing the application of Fred C. Lang to intervene in the above entitled action for the above and foregoing reasons."

On the same day plaintiff filed the following answer to the application to intervene filed by Fred C. Lang:

"Comes now the plaintiff, by leave of Court, and denies each and every allegation in applicant's Motion to Intervene except the statement that plaintiff (sic) was made a defendant in the original suit, but was subsequently dismissed as a defendant."

On March 1, 1946, a hearing was had on Lang's application to intervene. It will not be necessary to review this evidence in detail, in view of the disposition which we find it necessary to make of this case. Briefly, however, this evidence showed that Lang was conducting a business office in a multiple dwelling district, which was in violation of the zoning ordinance; that he had applied to the building commissioner for a permit for such use, which application had been denied, and that the board of adjustments had on appeal also denied his application, on the theory that he had failed to show a non-conforming use of the premises at the time the ordinance was adopted, which would have made legal the use to which he was then putting the property. The evidence given before the board of adjustment was introduced at the hearing. This evidence fully supported the finding and decision of the board. It also appeared at the hearing that no attempt was ever made by Lang to have the action of the board reviewed by *certiorari* as is provided by law.

The next order of the court was made on March 27, 1946, when the court overruled the motion for new trial filed by defendants Sam Silk and Jenny Silk. Thereafter, and on March 30, 1946, said defendants took their appeal from the judgment in the main case, by filing their notice of appeal as required by the Code of Civil Procedure.

Thereafter, on April 8, 1946, the Court overruled Fred C. Lang's application to intervene. On April 17, 1946, Fred C. Lang filed a motion to set aside the order of April 8, 1946, denying his application to intervene and to grant him a rehearing on the said application. This motion was overruled on May 6, 1946, and on May 13, 1946, Fred C. Lang filed his notice of appeal from the order denying his application to intervene.

The appeal of the defendants from the final decree and the appeal of Fred C. Lang from the order denying his application for leave to intervene were in this Court submitted together on one brief. In this brief, the only error assigned is the refusal of the Court to sustain the application of Fred C. Lang for leave to intervene in the cause.

We shall first consider the appeal of Lang, which was from the order refusing his application for leave to intervene.

At the outset, we must determine, first, whether the order in question was reviewable on appeal under Section 126 of the Code of Civil

Procedure, Laws of Missouri, 1943, p. 390; and, second, whether Lang was a "party" within the meaning of that term as used in said Section 126 of the Code.

Lang's intervention was sought under Section 21 of the Code of Civil Procedure, Laws of Missouri, 1943, p. 363, which section provides that anyone, upon timely application, shall be permitted to intervene in an action, under certain circumstances. Plaintiff resisted Lang's application, and filed a motion to dismiss it. A legal controversy then developed between Lang and plaintiff as to Lang's right to intervene, which at the time was independent of the issues in the main case. This controversy was heard separately, and determined adversely to Lang; and the order denying him leave to intervene was a final judgment in that controversy. But, was it a final judgment for the purpose of an appeal?

In intervention there are two classes of cases, (1) those where the intervention is not indispensable to the preservation or enforcement of a right claimed by petitioner; and (2) those where the right to intervene is by the statute made absolute, or where the claim can be established, preserved, or enforced in no other way. In the former, the permission to intervene is purely discretionary, and an order refusing it is not a final judgment reviewable on appeal; while in the latter, an order refusing intervention may be reviewed by appeal. "Appeal and Error," 4 C. J. S., p. 214, Sec. 116. An example of the latter class of cases is found in United States v. Radice et al., C. C. A. N. Y., 40 F. (2d) 445. In that case, the United States brought suit to abate a nuisance under the National Prohibition Act. The owner of the building filed a cross-bill to forfeit its lessee's leasehold on the ground that the nuisance was maintained with the lessee's knowledge and acquiescence. From a decree of forfeiture, the lessee appealed. While this appeal was pending, the Duray Realty Corporation, owner of certain mortgages upon the leasehold interest, filed a motion for leave to intervene as party defendant to the cross-bill to vacate the decree of forfeiture. This motion was denied, and the Duray Realty Corporation appealed.

Upon appeal, it was contended that the order denying leave to intervene was not appealable, but the Court held otherwise. The court said:

"It is true that, where an application for intervention is denied by the chancellor in the exercise of a sound discretion, the order is said to be nonappealable; but, as intimated in the case last cited, there may be cases where intervention is so essential to preservation of the petitioner's rights that denial of it is reviewable by appeal. (Citing cases.) As this court said in the Central Trust Case, *supra*, 'It is not always easy to draw the line'; but the case at bar presents, in our opinion, a situation where denial of intervention is reviewable. The decree of forfeiture will, at least apparently, destroy the leasehold

upon which the mortgagee claims a lien, and will restore possession of the premises to the lessor. It may be, on the assumption that the mortgagee was a necessary party neither brought in nor notified, that the decree would not preclude a suit to foreclose the mortgage, and that the court decreeing foreclosure could by some ancillary procedure reinstate the leasehold as against the lessor, but such remedies, if they exist, are clearly less practicable and efficacious to the ends of justice than intervention in the present suit. .Therefore, within the principle of the authorities above cited, we think the order was appealable.''

In the case at bar, the alleged use by Lang, the lessee of the premises, in violation of the city ordinance, was the basis af plaintiff's suit. Lang had notice of the injunction, having been served with a copy of it, and, being in privity with defendants, was bound by it. It seems to us, therefore, that intervention was essential to the preservation of petitioner's rights, if any he had; that the denial of his petition was a final judgment within the meaning of Sec. 126 of the Code; and that Lang, a party to that controversy, was a party entitled to appeal from the judgment denying his petition.

This is the view adopted by several of the courts in foreign jurisdictions. Hill et al. v. Alfalfa Seed & Lumber Co., 38 Ariz. 70, 297 P. 868; Ryan v. McKinley et al., 124 Cal. App. 765,13 P. (2d) 522; Morse et al. v. Buskirk et al., 167 Ky. 571, 181 S. W.. 173; Lee v. Galena-Signal Oil Co., of Pennsylvania, Tex. Civ. App., 8 S. W. (2d) 1051; Dewsnap v. Matthews et al., 53 Misc. Rep. 48, 102 N. Y. S. 945; Thorpe v. North Moneta Garden Lands Water Co., et al., 12 Cal. App. 186, 106 P. 1107; Dollenmayer et al. v. Pryor, 150 Cal. 1, 87 P. 616.

However, the order appealed from was entered after Sam Silk and Jenny Silk had appealed from the decree in the main case. The filing of the notice of appeal by Sam Silk and his wife transferred jurisdiction in the case to this Court, and suspended the exercise of all judicial functions in the case by the Trial Court, except those functions specifically reserved to it by the Code of Civil Procedure. The power to pass upon applications to intervene after final judgment is not among those reserved to the trial court by the Code.

The case is governed by the decision of the Supreme Court in Bromschwig et al. v. Carthage Marble & White Lime Co., et al., 68 S. W. (2d) 820. In that case one Remmers and others filed an intervening petition, and the court, at the April Term, 1930, sustained defendants' motion to strike the intervening petition from the .files, from which order interveners appealed. Subsequently, and on June 29, 1931, the court entered judgment in the main case in favor of plaintiffs and against the defendants, and on July 22, 1931, defendants appealed from this judgment. The interveners, deeming their appeal premature because no judgment dismissing their petition had been entered, dismissed their appeal on July 28, 1931. Thereafter, on

September 3, 1931, a judgment was entered dismissing the petition of interveners, and on that date interveners were allowed an appeal from the order dismissing their petition. The supreme court dismissed the appeal of interveners on the ground that the trial court did not, after the appeal in the main case, have jurisdiction on September 3, 1931, to enter a judgment dismissing the interveners' petition, and to allow interveners an appeal from said order. The court said:

"The circuit court of the city of St. Louis on July 22, 1931, lost jurisdiction of the case pending before it when it granted an appeal in that case to this court. The judgment and order allowing an appeal entered by the appellants on September 3, 1931, were a nullity because the circuit court did not have jurisdiction of the cause of action. At that time, the jurisdiction in that case was in this court. It could not be in both courts at the same time."

The same result was reached in United States v. Radice, *supra*. In that case the petition for leave to intervene was filed in the trial court after an appeal was taken from the judgment of forfeiture. The court of appeals held that the trial court was without jurisdiction to rule on the petition to intervene. The court said:

"But we are not at liberty to consider the merits of the District Court's ruling, because the record discloses that the court was without jurisdiction to allow intervention at the time the order was entered on November 18, 1929. The decree of forfeiture was made June 24, 1929, and on the same day an appeal was allowed to the lessee. Citation on appeal issued September 5th, the record was filed in this court October 20th, and the appeal was argued November 6th. The perfecting of that appeal transferred all jurisdiction of the cause to this court, and thereafter, during pendency of that appeal, the court below was without power to vacate or modify its decree of forfeiture. (Citing cases.) It is true that on September 5th, and before the expiration of the term at which the decree of forfeiture was entered, the District Court had ordered the lessor and the lesse to show cause in response to the present appellant's motion to vacate the decree and to be allowed to intervene, and that said motion was thereafter taken under consideration by the court (one of the opposing affidavits having been verified as late as October 24th) and a decision rendered on merits. But such proceedings could not preserve jurisdiction to the District Court. That could have been done by vacating the order allowing the appeal before the appeal was perfected, . . . but it was not done. The removal of the case into this court under the prior appeal left the District Court without power to enter the order applied for, and the motion should have been dismissed for lack of jurisdiction."

In the case at bar, defendants filed their notice of appeal on March 30, 1946. The order denying Lang's application was entered on April 8, 1946, and the appeal by Lang was taken on May 13, 1946. Under

the ruling of Bromschwig et al. v. Carthage Marble & White Lime Co. et al., *supra*, the court had no jurisdiction to make an order sustaining Lang's application, and there can be no error predicated upon the court's action in refusing to make it. As the court cannot be convicted of error in refusing to sustain intervener's application when it had no jurisdiction to do so, the order appealed from by Lang must be affirmed.

In the appeal by Sam Silk and Jenny Silk, the only complaint made is the action of the court in refusing to sustain the application to intervene filed by Lang. In Lang's appeal we held that the trial court lost jurisdiction to grant the relief prayed for by Lang in his application, and therefore did not err in overruling the said application. This is true whether we consider the matter in connection with the appeal by Sam Silk and Jenny Silk, or in connection with the appeal by Lang.

In the apeal by Sam Silk and Jenny Silk, the trial court's order should be affirmed for another reason. Their appeal brings for review here the final decree and all previous orders and rulings entered in the cause, but does not bring for review orders entered subsequent to the final decree. Western Cattle Brokerage Co. v. Gates, 190 Mo. 391, loc. cit. 396, 89 S. W. 382; Klaber v. Corporation of Royal Exchange Assurance of London, England, Mo. App., 48 S. W. (2d) 62.

The order appealed from by Lang in cause 27,104 is affirmed.

The judgment appealed from by Sam Silk and Jenny Silk in cause 27,077 is affirmed. *Hughes, P. J.* and *McCullen, J.* concur.