Ellen A. AVERSMAN, Appellant,

v.

Larry Wayne DANNER et al., Respondents.

No. KCD 29131.

Missouri Court of Appeals, Western District.

Jan. 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 26, 1979.

Application to Transfer Denied April 10, 1979.

George Lehnen, III, Richmond, for appellant.

William Aull, Lexington, for respondents; Aull & Sherman, Lexington, of counsel.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

PER CURIAM:

Steven Aversman suffered fatal injuries in a vehicular accident August 15, 1975. He was then 19 years of age. On September 2, 1975, appellant, Steven's mother, commenced an action in the circuit court of Lafayette County under Section 537.080, RSMo 1969, for damages by reason of the alleged wrongful death of her son. At the time of his death, Steven was single and had never been married.

By motions filed thereafter, respondent, Leland Aversman, was appointed next friend for one Eric, a child born February 23, 1976, and was granted leave to intervene in the action for the purpose of asserting a further claim for the wrongful death of Steven Aversman. As a basis for such claim, it was alleged that Steven was the father of Eric, born to Judy Rogge Long, and that such child was by statute entitled to maintain the action. This appeal was lodged from the order of the trial court granting intervention.

Evidence offered at the hearing in support of and in opposition to the motion of respondent next friend for leave to intervene as well as the points briefed on appeal are essentially addressed to the factual question of paternity. The dispositive issue, however, is whether an appeal may be taken from an order sustaining an application to intervene. We conclude that the order entered below was not a final judgment reviewable on appeal and that this appeal must be dismissed as premature.

Entitlement to intervene and procedure therefor is provided by Rule 52.12. In the present case, by reason of the allegation of parentage, intervention of decedent's child is of right and paragraph (a) of the rule is applicable. The right of appeal lies from denial of an application to intervene of right under Rule 52.12(a). *City of St. Louis v. Silk*, 239 Mo.App. 757, 199 S.W.2d 23 (1947); *State ex rel. Reser v. Martin*, 576 S.W.2d 289, No. 60639 (Mo. banc 1978). This case, however, presents the question of entitlement to appeal from the order granting intervention.

Prior cases in this state have not addressed this question squarely although analogy necessarily is drawn from the well recognized proposition that appeal may be had only from a judgment which finally disposes of all issues raised by the pleadings and constitutes a final disposition of the cause. *Bolin v. Farmers Alliance Mut. Ins. Co.*, 549 S.W.2d 886 (Mo. banc 1977). Intervention and addition or substitution of parties constitute a variant as in *City of St. Louis v. Silk* (supra), and *Bruun v. Katz Drug Co., Inc.*, 211 S.W.2d 918 (Mo.1948), only to the extent that denying access of the party to the forum by denying intervention finally disposes of the cause as to such party. Intervention permitted merely moves the cause forward on the merits with full right reserved at a future date for review on appeal. The decision to permit intervention is in fact interlocutory as any original party adversely affected may appeal a judgment, if any, whereby the intervenor obtains recovery on the merits. 4 Am.Jur.2d Appeal and Error, § 94.

The appeal is dismissed.