[No. 3,693.]

LOREN COBURN *v.* THE PACIFIC LUMBER AND MILL COMPANY ET AL.

46    31;
145   572|

ORDER MADE WITHOUT NOTICE.—An order made without notice to the other party may be set aside without notice to the party who procured it.

EJECTMENT.—The bare pendency of proceedings for the condemnation of land is not a valid defense in ejectment.

APPEAL from the District Court of the Twelfth Judicial District, County of San Mateo.

The defendant is a corporation owning a franchise to construct and maintain a wharf and chute at Pigeon Point, San Mateo County. In June, 1872, it commenced proceedings for the condemnation of lands adjoining its wharf, alleged to be necessary to carry on its business and connect its wharf and chute with the most convenient highway. On ex parte application to the Judge of the Court it obtained an order authorizing it to take possession of the land and use it during the pendency of the proceedings, giving a bond for the payment of compensation in case the land should be condemned, or of damages if it should not be. Defendants entered into possession under the order; but a few days afterwards, and on the 8th day of October, 1872, the plain-

tiff in this action applied to the Judge, ex parte, and obtained another order vacating the previous order, on the ground that it had been improvidently and improperly granted. The defendants still retaining possession, this action was brought to eject them. The answer sets up the first order as a defense, claiming the right to the possession until the proceedings for the condemnation of the land should be determined. The plaintiff submitted the case upon the pleadings and the orders. He had judgment, and the defendants appealed.

*Charles N. Fox*, for Appellants.

The entry of the defendants into the demanded premises was lawful. (Stats. 1870, p. 526; Stats. 1872, p. 908; 1 Hit., 1859; Code of Civil Procedure, Secs. 1237, 1254; *Fox* v. *W. P. R. R. Co.*, 31 Cal. 538.)

The defendant having entered under an order of the Court lawfully made, and for which it had given security, had acquired rights of which it could not be deprived without notice, and the subsequent order was without authority of law and void, and the Court erred in admitting the same in evidence.

*Williams & Thornton*, for Respondent.

The entry of the defendants into the demanded premises was not lawful. The order under which defendants pretended to have entered was void, having been made by the Judge and not by the Court. (Code of Civil Procedure, Sec. 1254.) The Acts of 1870 and 1872, cited for the appellants, had been repealed prior to the entry of the first order. (Code of Civil Procedure, Sec. 1258.)

The order was made out of Court and without notice to the adverse party. It might, therefore, be legally vacated without notice by the Judge who made it. (Pr. Act, Sec. 334; Code of Civil Procedure, Sec. 937.)

By the COURT:

Under the statute orders made without notice may be set aside without notice.    If the Judge, at chambers, could make the order of September twenty-seventh—a point we do not decide—then he could set it aside at chambers.    If the last order was void, then the first was void for the same reason.

Judgment affirmed.