[Sac. No. 1460. In Bank.—October 2, 1906.]

MATTIE Y. DOLLENMAYER, and JAMES MELLEN, Respondents, v. JOHN F. PRYOR, Respondent; JAMES CAESAR, Intervener, Appellant.

STATE LANDS—CONTEST—ORDER DENYING INTERVENTION—APPEAL.—In a land contest referred by the surveyor-general to the superior court, an order denying to one who claimed to be a settler upon the land in suit the right to intervene was final, and terminated the litigation as to him. He was not required to await judgment between other parties, but had the immediate right to appeal from the order after its entry.

ID.—VOID CONTEST AND REFERENCE—PROTEST OF ONE NOT A SETTLER OR APPLICANT—WANT OF JURISDICTION.—One who is not a settler upon, or occupant of, the land, or any part thereof, and who has made no application to purchase, and who does not claim or show any right, title, or interest therein, cannot by mere protest filed against the right of one who holds a certificate of purchase under an approved application for the land, as being unfit for cultivation, institute a valid contest, and an order of the surveyor-general referring such contest to the superior court is void, and gives it no jurisdiction to render any judgment of force for or against either party.

ID.—AFFIRMANCE OF ORDER FOR WANT OF JURISDICTION.—The order of intervention appealed from must be affirmed, on the ground that the court had no jurisdiction either of the action or of the intervention.

ID.—RIGHTS OF SETTLERS—SWAMP LANDS SUITABLE FOR CULTIVATION.—Under the amendment of 1899 (Stats. 1899, p. 182) swamp lands which are suitable for cultivation without reclamation can be sold only to actual settlers in tracts of one hundred and sixty acres.

APPEAL from an order of the Superior Court of Kings County. M. L. Short, Judge.

CL Cal.—1

The facts are stated in the opinion of the court.

Robert W. Miller, for Appellant.

Charles G. Lamberson, and H. P. Brown, for Plaintiffs, Respondents.

John F. Pryor, Defendant, Respondent, *in pro. per.*

SHAW, J.—This is an appeal by James Caesar from an order of the superior court denying his application to be allowed to intervene in an action between Dollenmayer and Mellen as plaintiffs and Pryor as defendant.

The action was a land contest begun in pursuance of an order of reference from the surveyor-general, under section 3414 of the Political Code. Dollenmayer filed his application on November 28, 1903, to purchase an entire section as land not suitable for cultivation. His application was approved May 18, 1904, and a certificate of purchase was issued to him on June 18, 1904, and was thereafter assigned to plaintiff Mellen. Afterward, on July 26, 1905, Pryor filed a verified protest against the issuance of any further evidence of title under the Dollenmayer certificate, on the ground that the land was suitable for cultivation, that Dollenmayer was not a settler thereon, and that he did not make the application in good faith. Pryor demanded a trial in the courts. The order of reference was thereupon made on the day the protest was filed, and the action was begun September 24, 1905.

On August 10, 1905, after the order was made, but before suit was begun, Caesar settled on the north half of the section, which was then unoccupied, and on August 14, 1905, offered to the surveyor-general, for filing, his application to purchase the same, including therein a protest against the Dollenmayer purchase, on the ground that the land was suitable for cultivation and that Dollenmayer was not an actual settler, and demanded a trial in the courts. The surveyor-general refused to receive or file the application on the ground that he had previously made an order of reference of the contest arising upon Pryor's protest.

The complaint in intervention was presented, and leave

asked to intervene, a few days after the action was begun. It alleged, in addition to a statement of Caesar's rights, that Dollenmayer did not apply to purchase in good faith, but for the benefit of Mellen, to whom he had previously agreed to sell the land, that Pryor's protest was filed in collusion with Dollenmayer and Mellen, in pursuance of an agreement that Pryor should not appear in the action, and for the purpose of forestalling other applicants who might apply to purchase after the order of reference was made on the protest. The court refused to allow the complaint to be filed.

The respondent objects to the consideration of the appeal, contending that it is premature, and that the party asking to appeal from such an order must await final judgment between the original parties and appeal from that judgment, or, at all events, must procure the entry of a more formal judgment denying his motion, and appeal after such entry. We can perceive no merit in this objection. The record shows that the order, or judgment, denying the application to intervene was entered before the appeal was taken. It clearly shows that the court had determined the right of the intervener, and declared that Caesar should not intervene in the action, and that his proposed complaint should not be filed therein. The most verbose statement could not state the determination more accurately or effectually. So far as the intervener and his rights in that action were concerned, it was final. We see no good end to be secured by requiring him to await judgment between the other parties after a trial in which he could not participate. It ended the litigation as to him, and he should be allowed an immediate appeal. (*Stich* v. *Goldner,* 38 Cal. 610; *People* v. *Pfeiffer,* 59 Cal. 90; *Donner* v. *Palmer,* 49 Cal. 180.) Anything in *Wenborn* v. *Boston,* 23 Cal. 321, contrary to this rule, must be considered as overruled by these later decisions.

Upon the merits of the appeal, we are of the opinion that the action of the court below must be sustained, but for reasons different from those presented by respondent. It appears from the record that Pryor, upon whose protest the order of reference was made, did not therein claim to be a settler upon or occupant of the land, or any part thereof, that he made no application to purchase the same, and did

not claim any right, title, or interest therein. In the absence of statutory authority, one who does not himself claim a paramount title or right of possession to the land, or apply to purchase the same from the state, but merely protests against a proposed purchase by another, cannot, by such protest, initiate a contest before the surveyor-general against the right of the other person to purchase. Such a person has no interest to protect and no right to interfere between the proposed purchaser and the state. A mere sentimental interest, or a general interest as a citizen in the protection of·state property, or in the enforcement of the state policy of selling its arable land only to actual settlers, and in limited quantities, or even the particular interest which a qualified person, privileged to purchase state lands and expecting at some future time to apply for the particular tract in question, but who is not a settler thereon, might have in preventing or delaying a prior applicant, would not be a sufficient interest to authorize such a contest. Such interests as these are not property rights. The party who raises such a contest must be one who has some proprietary interest or right of possession, an interest which he would be entitled to protect in some action or proceeding.

There are some expressions in the opinions, in *Tyler* v *Houghton,* 25 Cal. 26; *Higgins* v. *Houghton,* 25 Cal. 259; *Thompson* v. *True,* 48 Cal. 606; *Cadierque* v. *Duran,* 49 Cal. 357; and *Cunningham* v. *Crawley,* 51 Cal. 131, which may seem to announce a rule contrary to this conclusion. But when considered in connection with the context and the facts of the respective cases, it will be seen that they simply lay down the rule that where one claims an interest or right of possession under the United States, or some right under the state law superior to that of the prior applicant, he may contest such proposed sale, for the purpose of protecting his superior or paramount right, and that in such a case he may do so by filing a mere protest, without himself applying to purchase the land from the state. The only case in which a different proposition from this could be claimed to have been asserted is the Higgins case above cited. In that case, however, the protesting persons were said to be "dwellers" upon a mining claim upon which active mining operations were going on, and upon which a large amount of money

had been expended; and although it did not appear that these parties themselves were personally asserting a claim to the mine, it was said that they had a sufficient interest to entitle them to raise the contest. This, however, was done upon the authority of *Tyler* v. *Houghton,* 25 Cal. 26, which decides nothing more than that one having a paramount title under the United States may contest a purchase proposed to be made from the state without himself applying to purchase. The cases cannot be taken as a precedent for the right of Pryor, who had neither possession, interest, nor claim, to inaugurate a contest before the surveyor-general.

The result is that the surveyor-general had no authority to entertain the protest of Pryor. There was in fact no contest in his office arising upon that protest, and hence the order of reference was null and gave the superior court no jurisdiction of the action. Jurisdiction in such cases exists only by virtue of a lawful order of reference, issued upon a real contest, by a party whose protest shows himself entitled to oppose the purchase. Parties cannot give jurisdiction by filing a complaint in a case where there has been no valid order of reference, nor where a reference has been made without there having been any contest to refer. The court below, therefore, had no jurisdiction of the action, no authority to render judgment of any force for or against either party, and its order denying the right to intervene must be sustained on the ground that it had no jurisdiction either of the action or the intervention.

The intervener's attention is called to the amendment of 1899 (Stats. 1899, p. 182), by which lands of this class, suitable for cultivation without reclamation, can be sold only to actual settlers in tracts of one hundred and sixty acres.

The order appealed from is affirmed.

Angellotti, J., Lorigan, J., Henshaw, J., McFarland, J., Sloss, J., and Beatty, C. J., concurred.