[Civ. No. 716.   Second Appellate District.—December 15, 1909.]

SPENCER B. THORPE, Respondent, v. NORTH MONETA GARDEN LANDS WATER COMPANY, a Corporation, Defendant and Appellant. JOHN G. ORTH, Intervener, Appellant.

INTERVENTION—DENIAL OF LEAVE—IMMEDIATE RIGHT OF APPEAL.—An order denying leave to file a complaint in intervention is in effect a final judgment as to the intervener from which an immediate appeal lies, free and unhampered by the subsequent proceedings in the action.

APPEAL FROM JUDGMENT AGAINST DEFENDANT—INTERVENER NOT AGGRIEVED—APPEAL DISMISSED.—The intervener is not aggrieved by a judgment rendered against the defendant, and his purported appeal therefrom must be dismissed.

ID.—FINDING SUPPORTED BY EVIDENCE—SUBSTANTIAL CONFLICT.—Where there is clear and positive evidence in support of a finding, and the evidence is conflicting in relation thereto, the finding by the trial court cannot be disturbed upon appeal.

ID.—PECULIAR PROVINCE OF TRIAL JUDGE.—Where conflict exists, it is the peculiar province of the trial judge to determine the weight and credibility to be given to the testimony; and it is not for the appellate court to intimate as to the truth or falsity of any of the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

H. T. Gordon, and Harris & Swanwick, for Appellants.

Herbert J. Goudge, and C. L. Chandler, for Respondent.

SHAW, J.—Plaintiff, as indorsee thereof, brought suit to recover from defendant upon a promissory note described in the complaint and alleged to have been made and delivered by defendant to one W. J. Williams. By a second count it was alleged that on August 22, 1906, defendant was indebted to W. J. Williams in the sum of $4,073.85 for money loaned to defendant, which defendant agreed to pay on or before one year thereafter, with interest at seven per cent per annum until paid, compounded half yearly, which indebtedness, it was alleged, had been assigned to plaintiff.

Defendant filed its answer denying all the allegations of the complaint, except the alleged incorporation of defendant and an intermediate indorser of said note. At the trial the issues thus joined were found in favor of plaintiff and judgment was rendered against defendant, from which, and an order denying defendant's motion for a new trial, defendant appeals.

The record also contains what purports to be an appeal by John G. Orth from this judgment so rendered against defendant. Orth's purported appeal is based upon the ground that, prior to the trial, he applied to the court for an order making him and said Williams, to whom the note was made, parties to the action, and permitting Orth to file a complaint in intervention. At the hearing of the motion the court made an order denying the application, "and Orth," says his counsel, "prosecutes this appeal from the judgment for the purpose of reviewing the action of the court in denying his right to intervene." So far as disclosed by the record, Orth is a stranger to the action, and his rights are in no wise affected by the judgment against the defendant. The order denying his application was, in effect, a final judgment as to him and his right to be heard at all. Upon the making of the order he was entitled to an immediate appeal therefrom, free and unhampered by the subsequent proceedings in the action or final judgment rendered against the defendant. (*Dollenmayer* v. *Pryor,* 150 Cal. 1, [87 Pac. 616] ; *People* v. *Pfeiffer,* 59 Cal. 90; *Donner* v. *Palmer,* 45 Cal. 180; *State* v. *Parish*

*Judge,* 27 La. Ann. 184.)   We are fully aware that a contrary view was held in the case of *Wenborn* v. *Boston,* 23 Cal. 321, but, as said by Mr. Justice Shaw in the first case above cited, that decision must be regarded as overruled by these later cases.

Orth is not a party aggrieved by the judgment against defendant, and his purported appeal therefrom is dismissed.

The appellant North Moneta Garden Lands Water Company contends for a reversal upon the ground that the finding of the court to the effect that defendant made and delivered the promissory note to Williams, as alleged in the complaint, the consideration thereof, as found by the court, being an indebtedness of the corporation due to said Williams in the sum of $4,073.85 for money advanced and loaned to defendant by Williams, is unsupported by the evidence. There is no merit whatever in this point. The evidence in support of the finding is clear and positive. The most that can be said is that there is a substantial conflict of evidence upon the issue. Where such conflict exists it is, as has been so often stated, the peculiar province of the trial judge to determine the weight and credibility to be accorded to such conflicting testimony. "It is not for an appellate court to intimate as to the truth or falsity of any of the evidence." (*Anglo-Californian Bank* v. *Cerf,* 147 Cal. 396, [81 Pac. 1081].) Hence, the extended argument of counsel for appellant, wherein they attack the evidence offered on behalf of plaintiff in an endeavor to show that it should be discredited, is an idle, though laborious, effort.

We perceive no error in the rulings of the court in excluding certain questions asked witness Williams on cross-examination. These questions relate to transactions in the corporate stock of defendant had between Williams and Orth. Appellant fails to point out wherein the evidence sought to be elicited thereby could, under any theory of the case, be relevant or material. Moreover, they were objectionable as not constituting proper cross-examination.

Judgment and order affirmed.

Allen, P. J., and Taggart, J., concurred.