JOHNSON *v.* HOUSE *et al.*

No. 7432. OCTOBER 3, 1930.

*Joseph M. Lang,* for plaintiff in error.

*Y. A. Henderson* and *J. H. Paschall,* contra.

ATKINSON, J. Mrs. T. H. House brought her suit against Miss Minnie Johnson, and to the petition the defendant filed her answer and cross-petition. Plaintiff in her petition set up and claimed title to certain property that had been set apart to her by appraisers out of the estate of her deceased husband as a year's support, and claimed that the defendant had taken possession of certain of this property and converted a part of it to her own use, and in consequence thereof was indebted to her. The prayer was that the plaintiff recover judgment against the defendant in the sum of $650, with interest. The defendant prayed in her cross-action that she recover a judgment for the full amount, principal and interest, of a certain note attached as an exhibit, and that the judgment thus recovered should be a judgment in rem as against the land described in a specified paragraph in her answer, with the right to sell the land and convey title by levy and sale, as against the right and title of the plaintiff in and to the same, and that the decree also provide that the fund of $310 in her hands be applied on the debt. Mrs. J. C. Johnson sought to intervene, and filed

a petition asking that she be made a party, basing her right to intervene on the fact that she claimed title to a part of the property in controversy in the suit. Upon motion of the plaintiff the court disallowed the intervention, and refused to make Mrs. J. C. Johnson a party to the case. To this judgment Mrs. Johnson excepted.

■ The court erred in refusing the application of the plaintiff in error that she be made a party to the case. She claimed an interest in a part of the property involved in the controversy, and her rights to this property as well as those of the defendant and the plaintiff can all be settled in this one suit. The defendant in the original suit made no objection to her being made a party. While in her petition the plaintiff prays merely for a money judgment against the defendant, the defendant filed an answer in the nature of a cross-action, which in part is in the nature of an equitable petition, wherein she seeks certain equitable relief, inasmuch as while she prays for a judgment for the amount of the principal and interest of a certain note, she also prays that said judgment be "a judgment in rem as against the lands described in paragraph of her answer [a part of the property in controversy], with the right to sell said land and convey title by levy and sale, as against the right and title of the plaintiff in and to the same." In view of these facts appearing in the pleadings, the plaintiff in error should have been allowed to intervene.

■ The refusal to allow the plaintiff in error to intervene was such a final judgment as to her as entitled her to sue out a writ of error to this court and bring the judgment of the court below here for review, and the motion to dismiss the bill of exceptions on the ground that the plaintiff in error was not a party to the suit in the court below, either as plaintiff or defendant, and that only a party in a civil cause may except to a judgment or decree of the trial court, is without merit.

*Judgment reversed. All the Justices concur, except Hines, J., who dissents.*