[Civ. No. 8579. First Appellate District, Division Two.—July 19, 1932.]

J. J. RYAN, Respondent, v. HOWARD McKINLEY et al., Appellants.

E. R. Zion for Appellants.

Grover O'Connor for Respondent.

STURTEVANT, J.—Claiming that the defendants, as the Civil Service Commission of San Francisco, had marked his papers incorrectly, the plaintiff commenced a proceeding in *mandamus* to compel the defendant commission to re-mark his papers. On December 9, 1931, E. A. Hahn, C. A. Spuur and A. J. Canty were given permission to intervene. As the record before us does not show to the contrary, we assume that the application was made *ex parte*. On December 10, 1931, the trial court made an order denying the application to intervene. Whether that order was made on notice or was made *ex parte* is immaterial. As the application was granted *ex parte* it could be set aside *ex parte*. (*Coburn* v. *Pacific L. & M. Co.*, 46 Cal. 31, 33.) If it could be entirely set aside it could be entirely ignored, and from the record before us we assume that it was entirely ignored. The defendant commission answered the plaintiff's complaint and a trial was had. On May 18, 1932, the trial court entered a judgment in favor of the plaintiff and against the defendants. On May 27, 1932, E. A. Hahn,

C. A. Spuur and A. J. Canty filed a notice of appeal from the judgment entered May 18, 1932. The plaintiff has made a motion to dismiss said appeal on the ground that the appellants are not parties to the action. The motion is well founded. From the order made December 10, 1931, E. A. Hahn, C. A. Spuur and A. J. Canty were entitled to appeal. (Code Civ. Proc., sec. 963, subd. 1; *Dollenmayer* v. *Pryor*, 150 Cal. 1 [87 Pac. 616].) But, having been refused permission to intervene, they were not entitled to appeal from the judgment entered May 18, 1932. (*Thorpe* v. *North Moneta etc. Water Co.*, 12 Cal. App. 186 [106 Pac. 1107]; 20 Cal. Jur. 529; *Stern & Goodman Inv. Co.* v. *Danziger*, 206 Cal. 456, 459 [274 Pac. 748].)

The appeal is dismissed.

Nourse, P. J., and Spence, J., concurred.