[Sac. No. 4702. In Bank.—September 1, 1932.]

THE HIBERNIA SAVINGS AND LOAN SOCIETY, Appellant, v. THE ELLIS ESTATE COMPANY (a Corporation) et al., Respondents.

Tobin & Tobin, Rich, Weis & Carlin and George A. Clough for Appellant.

Richard Belcher for Respondents.

WASTE, C. J.—The appellant, plaintiff in this action to foreclose a mortgage, on the same day that it filed the complaint, filed an affidavit in support of an application for an order appointing a receiver. Acting solely upon such affidavit, and without examination of the complaint or other evidence, the court made its *ex parte* order appointing a receiver, with the powers and duties usually incident to such a receivership. The defendants, respondents here, moved the court to discharge the receiver and to rescind the order appointing him. The court granted the motion. It rescinded the order of appointment, and directed the receiver to pay over to the defendants the moneys collected by him on the ground that the order was void, in that the appointment was made inadvertently and without sufficient cause. From this order the plaintiff has appealed. Respondents move to dismiss the appeal, and for an affirmance of the order vacating the appointment of the receiver upon the ground that no appeal lies from such an order.

It is provided in section 963, subdivision 2, of the Code of Civil Procedure that an appeal may be taken from an order appointing a receiver; but no appeal is provided from an order setting aside and vacating an order appointing a receiver. The order here appealed from is not one made after judgment. It is a general rule that orders relating to vacation of orders cannot be made the subject of direct appeal unless they themselves be of a class of orders designated by the code as appealable. (See *Luckenbach* v. *Laer*, 190 Cal. 395, 396 [212 Pac. 918].) But appellant contends that the order here appealed from is a final judgment, in that it amounts to a final determination of a collateral matter distinct from the general subject of litigation

—a judgment that is conclusive of a question in the case, and final as to that question. (2 Cal. Jur., p. 144, sec. 21.) An order vacating an order appointing a receiver, and directing him to pay over the money collected by him has the effect of discharging the receiver; and this is so, although it does not so provide in terms. While the receiver is an indifferent person as between the parties, and is appointed in behalf of all who may establish rights in the cause, the plaintiff, at whose request the receiver was appointed, having asserted a reasonable probability of being ultimately entitled to a decree in the action, is interested in having the receivership continued, in order that the property and its issues and profits may be preserved.

Therefore, it would seem that the order vacating the order appointing the receiver and directing him to pay the money collected by him over to the defendants, which order, in effect, amounts to a discharge of the receiver, is of such finality on that phase of the case as to be appealable as a final judgment within the meaning of section 963 of the Code of Civil Procedure. (*Los Angeles* v. *Los Angeles City Water Co.*, 134 Cal. 121 [66 Pac. 198] ; *Anglo-Californian Bank* v. *Superior Court*, 153 Cal. 753, 756 [96 Pac. 803].)

The motion to dismiss the appeal is denied.

Shenk, J., Seawell, J., Tyler, J., *pro tem.*, and Curtis, J., concurred.

PRESTON, J., Dissenting.—This is an action to foreclose a mortgage on a business block in Marysville. The amount claimed to be due thereon is $67,000. Plaintiff, on an affidavit made upon information and belief, asserted the property to be of a value less than the debt and costs and procured an *ex parte* order on October 30, 1931, appointing a receiver. On November 13th thereafter, defendants gave notice that on November 25th they would move the court for an order vacating the order appointing a receiver upon the ground that it had been improvidently entered, said notice being supported by affidavits showing the property to be of a value in excess of $100,000. This motion was heard on the day named and the defendants produced several witnesses to prove that the property was in fact of the value

of in excess of $100,000. Plaintiff attempted, but wholly failed, to rebut any of this evidence. Thereupon, and on November 27th, less than thirty days from the date of the original order, the court gave its order revoking the receivership appointment.

There is no showing whatever that would have justified the appointment of a receiver. The receiver himself is not attempting to appeal. Plaintiff only seeks this right. No property right of plaintiff, however, has been invaded or adjudicated. The court is perfectly free to render an unrestricted decree upon the merits of the cause. If it be conceded that the order is appealable, it should be affirmed upon the ground that the appeal therefrom is frivolous, as the matter was discretionary and there is no evidence whatever of an abuse of discretion.

But, in my opinion, the order is not appealable. It is not mentioned in section 963 of the Code of Civil Procedure. It is merely interlocutory and settles no right of either party nor of the receiver. There might be peculiar circumstances under which an order discharging a receiver or revoking his appointment might have in it the essence of a judgment, but the one here before us certainly contains no such ingredient. The cases cited in the majority opinion are not at all analogous to the situation here. *Los Angeles* v. *Los Angeles City Water Co.*, 134 Cal. 121 [66 Pac. 198], was a contest over the settlement of the account of a receiver and the order directed the payment of his compensation by one of the parties. There was an appeal from it by the party required to pay said compensation and by the receiver also. Manifestly there was in such case a determination of final property rights of the parties and an appeal was properly allowed. In the other case, *Anglo-Californian Bank* v. *Superior Court*, 153 Cal. 753 [96 Pac. 803], there was involved a contest between the plaintiff bank and the receiver as to whether or not the receiver was entitled to certain funds claimed by third parties. The decision of the court was that the plaintiff pay to the receiver the said funds so claimed by others. There was, of course, in such situation, a final adjudication of property rights and an appeal was properly allowed.

The general principles governing the situation before us have been well set forth in the case of *Title Ins. & Trust Co.*

v. *California etc. Co.*, 159 Cal. 484, 486, 487 [114 Pac. 838, 839], where the court reviews the history of orders appointing receivers under the Practice Act and under the Code of Civil Procedure and declares: "It is well settled by the decisions of this court that no appeal can be taken from an interlocutory order unless the order be designated by statute as one of those from which an appeal may be taken. Such was the rule under the Constitution of 1849 and the Practice Act (*Allender* v. *Fritts*, 24 Cal. 447; *Myers* v. *Mott*, 29 Cal. 359 [89 Am. Dec. 49]), and the same conclusion has been reached in cases arising since the adoption of the Constitution of 1879 and the enactment of the Code of Civil Procedure. Thus, in *Illinois Trust & Savings Bank* v. *Alvord*, 99 Cal. 410 [33 Pac. 1133], the court said that 'the only interlocutory or intermediate orders from which a separate appeal can be prosecuted are those enumerated in subdivision 3 of section 939 of the Code of Civil Procedure'. (See, also, *Rochat* v. *Gee*, 91 Cal. 356 [27 Pac. 670].) Upon the same ground it was held that, prior to the amendment of 1897 to said section 963 of the Code of Civil Procedure (Stats. 1897, p. 209), there was no right of appeal from an interlocutory order appointing a receiver. (*French Bank Case*, 53 Cal. 495; *Emeric* v. *Alvarado*, 64 Cal. 529, 622 [2 Pac. 418].) In the case at bar the appellant seeks to appeal from an order (made before judgment) vacating a prior order appointing a receiver. An order appointing a receiver is, since the amendment of 1897 to section 963 of the Code of Civil Procedure, the subject of direct appeal. The statute does not, however, authorize an appeal from an order refusing to vacate the appointment of a receiver. It would seem clear, therefore, that the attempted appeal now under discussion does not come within the terms of the statute and that, if the appellant has any right to a review of the order complained of, it must be by means of an appeal from such final judgment as may hereafter be entered in the action. (Code Civ. Proc., sec. 956.)"

We take it to be too well settled to require the citation of authority that no appeal can be taken from a mere interlocutory order unless the statute so provides. The question here before us has been directly passed upon in other jurisdictions. See *Taintor* v. *St. John*, 50 Mont. 358 [146 Pac.

939, 940], where the court uses this language: "Since an order annulling an order appointing a receiver is not one of the judgments or orders enumerated in section 7098, above, no appeal lies therefrom, though such order is reviewable upon appeal from the final judgment." A kindred holding is *Pagett* v. *Brooks,* 140 Ala. 257 [37 South. 263, 264]. (See, also, 1 Clark on Receivers, 2d ed., sec. 128, p. 153.)

A moment's consideration of the question here will disclose the wisdom of such a rule. Here property worth in excess of the mortgage debt is turned over to the plaintiff and the defendants are deprived of their possession thereof. Such drastic action should not be indulged unless upon a clear showing of prejudice to the rights of the plaintiff. The court, recognizing its improvident act, properly set aside its order and if this appeal be allowed, where, may I ask, rests the right of possession of the property during the pendency of such appeal? Is the receiver now entitled to possession or is he to be ousted of possession pending the appeal and to be allowed later to resume it, should the order be reversed? To allow an appeal in a case of this character would have a tendency to flood this court with appeals from purely interlocutory orders and hence hamper the proper administration of justice.

It is my conclusion that the appeal should be dismissed.