[Civ. No. 18176. Second Dist., Div. One. Mar. 9, 1951.]

LORRAINE CUGAT, Respondent, v. XAVIER CUGAT, Appellant.

*A hearing by the Supreme Court was granted on July 20, 1950, and the final opinion is reported in 36 Cal.2d 416 [224 P.2d 695].

Pacht, Tannenbaum & Ross, Samuel I. Barchas, Bernard Reich and Leo Altshuler for Appellant.

Gold & Needleman, J. George Gold and Philip Feldman for Respondent.

HANSON, J. pro tem.—The question we are called upon to decide is whether the defendant in a divorce action who was not served with summons and who appeared therein only specially with a motion to vacate certain prior orders entered against him without legal notice thereof may appeal from the order denying his motion.

The orders issued by the court, pursuant to its orders to show cause which were never served upon the defendant, and which were challenged by him upon the ground the court was without jurisdiction to make them, were as follows: (1) An order confirming an ex parte order appointing a receiver to take charge of defendant Cugat's property within the jurisdiction of the court; (2) orders entered by the court directing the receiver to pay out of moneys and properties owned by him the sum of $2,000 per month to the plaintiff for her support, to her attorneys the sum of $12,000 as counsel fees, and the further sum of $500 as costs.

The plaintiff-respondent is here with a motion to dismiss the appeal from the order involved on the ground it is not an appealable order upon any of the grounds set forth in section 963 of the Code of Civil Procedure. The contention is devoid of merit.

The orders of the court which were challenged by the defendant, if his contentions are correct, not only took from him his property without due process, but such orders were final as to him when the trial court refused to vacate them. In effect the action of the court was a final judgment and hence is appealable under the code section in question (*De La Montanya* v. *De La Montanya,* 112 Cal. 101 [44 P. 345, 53 Am.St. Rep. 165, 32 L.R.A. 82]; *Hibernia Savings & Loan Society* v. *Ellis Estate Co.,* 216 Cal. 280 [13 P.2d 929]).

██ The fact, if it be a fact, as plaintiff-respondent contends, that the defendant had personal knowledge of every move made by the plaintiff in this case is completely immaterial. The property of an individual may not constitutionally be taken from him by a court order or judgment without due process—which embodies legal notice—whether the action is one for divorce or otherwise.

The motion to dismiss the appeal is denied.

White, P. J., and Drapeau, J., concurred.