[Civ. No. 21926. Second Dist., Div. One. Sept. 21, 1956.]

HELEN M. ORLOFF, Appellant, v. PETER M. ORLOFF, Respondent.

Ray Howard for Appellant.

Barry Sullivan for Respondent.

NOURSE (Paul), J. pro tem.*—Plaintiff and appellant has appealed from an order of the superior court granting the defendant's motion to stay further proceedings and prohibiting the entry of a final judgment of divorce after the expiration of one year from the entry of the interlocutory decree adjudicating that appellant was entitled to divorce from respondent.

Respondent has moved to dismiss this appeal on four grounds: (1) that the order appealed from is not appealable; (2) that the notice of appeal was not timely; (3) that the superior court was powerless to extend the appellant's time to pay the fees of the clerk beyond 90 days; and (4) that the fees of the clerk were not paid within the time required by rule 5(c) of the Rules on Appeal.

We have reached the conclusion that the motion to dismiss the appeals should be denied.

The relevant facts are:

On November 16, 1954, an interlocutory decree of divorce was entered whereby it was decreed that appellant was entitled to a divorce from respondent and which further awarded the custody of the minor child to the plaintiff and required the defendant to support that child. It also awarded certain community property to appellant.

*Assigned by Chairman of Judicial Council.

On November 9, 1955, respondent served and filed a notice of motion for an order to stay further proceedings in the action and to prohibit the entry of a final decree of divorce.

On November 17, 1955, the court granted this motion and its order was entered in the minutes on November 21, 1955. The order did not require the preparation or filing of any further order.

On January 20, 1956—that is, on the sixtieth day after the entry of the order in the minutes of the court—appellant filed her notice of appeal from that order.

On January 30, 1956, appellant served and filed her request for transcript pursuant to rules 4 and 5 of the Rules on Appeal. On February 20, 1956, the clerk gave to appellant a notice designating the estimated cost of the preparation of the clerk's transcript. On February 29, an order was made permitting appellant to file a settled statement of the oral proceedings, this statement to be served and filed on or before March 12, 1956, the time for settlement to be fixed by the trial judge, and the time to fix and deposit clerk's fees for transcript was extended to 10 days following the date upon which the transcript was settled.

On April 4 the proposed settled statement was filed, and on May 18 the engrossed settled statement of oral proceedings was filed. On June 20, 1956, an order was made for additions to the transcript on appeal (the clerk's certificate filed with this court does not state whether these additions were to the clerk's transcript or were additions to the engrossed settled statement).

On July 2, 1956, the court made an order extending appellant's time to pay the fees of the clerk to August 1.

█ Is the order appealed from an appealable order?

This question must be answered in the affirmative. It must be so answered for two reasons. The interlocutory decree of divorce was a final judgment insofar as it adjudicated the right of appellant to a divorce from respondent (*Suttman* v. *Superior Court*, 174 Cal. 243, 244 [162 P. 1032] ; *Claudius* v. *Melvin*, 146 Cal. 257 [79 P. 897] ; *In re O'Connell*, 80 Cal.App. 126, 130 [251 P. 661]), and the order here appealed from was a special order made after that final judgment, affecting appellant's rights under that judgment. It is therefore made one of the orders as to which section 963, subdivision 2, Code of Civil Procedure, grants the right of appeal.

█ Further than this, the order in question is, in effect, itself a final judgment, for it terminated the action as between

the parties. Under that order no final decree of divorce could be entered and therefore it could not be reviewed on an appeal from a judgment. It was therefore appealable as a final judgment under paragraph 1 of section 963, Code of Civil Procedure. (*Zoller* v. *McDonald,* 23 Cal. 136; *De La Montanya* v. *De La Montanya,* 112 Cal. 101, 119 [44 P. 345, 53 Am.St. Rep. 165, 32 L.R.A. 82]; *Dollenmayer* v. *Pryor,* 150 Cal. 1, 3 [87 P. 616]; *Hibernia S. & L. Soc.* v. *Ellis Estate Co.,* 216 Cal. 280, 282 [13 P.2d 929]; *Cugat* v. *Cugat,* 102 Cal.App. 2d 760, 762 [228 P.2d 31]; *Valentin* v. *Valentin,* 93 Cal.App. 2d 588, 592 [209 P.2d 654].)

■ Was the notice of appeal timely?

This question must also be answered in the affirmative. The certificate of the clerk which constitutes the record before us states that the order was entered on November 21, 1955. We understand this to mean that that was the date of the entry in the permanent minutes of the court. Plaintiff's time to file her notice of appeal did not commence to run until such entry (rule 2(b) of the Rules on Appeal), and inasmuch as her notice of appeal was filed on the sixtieth day after that entry, it was timely.

The other two points made by appellant may be considered together.

■ It was beyond the power of the superior court to extend the appellant's time to pay the fees of the clerk for more than ninety days, and therefore the court could not here extend appellant's time to pay these fees beyond May 30, 1956.

■ The appellant, however, acted upon the orders of the court extending her time beyond that date; and as it is within our discretion to further extend that time and to deny the motion to dismiss the appeal because of the failure to pay the fees of the clerk within the statutory time, we exercise that discretion to the end that the appeal may be heard upon its merits.

The motion to dismiss the appeal is denied provided that within 10 days after the filing of this opinion the appellant pays to the clerk of the superior court the fees designated by him for the preparation of the clerk's transcript on appeal and files with the clerk of this court the receipt of the clerk of the superior court for such payment. If such be not filed within said time, then the appeal is dismissed without further opinion.

White, P. J., and Fourt, J., concurred.