**VIRGINIA PETROLEUM JOBBERS ASSOCIATION, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent,**

**Blue Ridge Gas Company, Intervenor.**

Nos. 14583, 14731.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 10, 1959.

Decided March 19, 1959.

Mr. Bryce Rea, Jr., Washington, D. C., with whom Messrs. Donald E. Cross and Gordon Allison Phillips, Washington, D. C., were on the brief, for petitioner.

Mr. William W. Ross, Attorney, Federal Power Commission, with whom Messrs. Willard W. Gatchell, General Counsel, Federal Power Commission, Howard E. Wahrenbrock, Solicitor, Federal Power Commission, and Robert L. Russell, Asst. General Counsel, Federal Power Commission, were on the brief, for respondent.

Mr. H. Douglas Weaver, Washington, D. C., for intervenor.

Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Blue Ridge Gas Company, a retail distributor of propane gas in Harrisonburg, Virginia, desiring to construct and operate municipal natural gas systems in Harrisonburg and other places in Rockingham County, applied to the Federal Power Commission on February 7, 1958, under § 7(a) of the Natural Gas Act, 15 U.S.C.A. § 717f(a), for an order compelling Atlantic Seaboard Corporation, an interstate gas pipeline, to supply it with the natural gas necessary in its contemplated operation. Blue Ridge stated in its application that it proposed to construct distribution facilities in the municipalities sought to be served, the certification of which it was seeking from the State Corporation Commission of Virginia; and that it would construct the pipeline necessary for a physical connection with Atlantic.

Virginia Petroleum Jobbers Association, an organization of Virginia wholesalers and retailers of petroleum and petroleum products, intervened in the State Corporation Commission proceeding and unsuccessfully opposed the Blue Ridge application for certificates of public convenience and necessity; and on May 22, 1958, the Virginia Commission granted certification of the proposed local distribution service.

Meanwhile both Jobbers and Atlantic had filed with the Federal Power Commission petitions to intervene in opposition to the application of Blue Ridge for a gas supply from Atlantic. On June 26, 1958, the Commission granted the intervention petition of Atlantic, but denied that of Jobbers. In its order, the Commission stated that the questions Jobbers sought to raise at the hearing on the Blue Ridge application "concern primarily matters pertaining to the local distribution of natural gas" and that this "question of local public interest has been resolved by the local authorities."

A timely petition for rehearing was then filed by Jobbers, alleging that, in view of the fact its members would compete in the fuel market not only with Blue Ridge but also with Atlantic, it had a right to intervene in the Commission proceedings pursuant to this court's decision in National Coal Ass'n v. Federal Power Comm., 1951, 89 U.S.App.D.C. 135, 191 F.2d 462. But the Commission, stating that the grounds presented for rehearing were fully considered in its prior action denying intervention, on July 17, 1958, denied rehearing and a stay of proceedings.

On July 21, 1958, Jobbers filed with us, pursuant to § 19(b) of the Natural Gas Act, a petition for review of the Power Commission's order of June 26, 1958, which denied intervention, and at the same time filed a motion for a stay pending review. This is our No. 14,583.

Jobbers also instituted an action in the United States District Court for the District of Columbia to enjoin the Commission from proceeding further, and was denied a temporary restraining order. It appealed from that denial, and asked us to enjoin further proceedings pending appeal. This case bears our No. 14,-584.

We consolidated cases No. 14,583 and No. 14,584, for the purpose of oral argument on the motion for a stay in the one and the motion for an injunction in the other. While we were hearing counsel on July 23, 1958, we were informed the Commission hearing on the Blue Ridge application for gas service from Atlantic had been begun on July 21 and had just been concluded, without the participation of Jobbers.

On August 29, 1958, we denied the motion for a stay because Jobbers had not shown it would be irreparably injured, and because—the Commission hearing having been completed—a stay would not aid in the disposition of the petition for review. We also denied the motion for an injunction because Jobbers had an adequate remedy in § 19(b) of the Natural Gas Act: if it had a right to intervene, it likewise had a right to judicial

review in this court of the order denying intervention. Virginia Petroleum Jobbers Ass'n v. Federal Power Comm., 1958, 104 U.S.App.D.C. 106, 259 F.2d 921. This opinion disposed of the single question presented in case No. 14,584.

In the meantime, on August 20, 1958, the Power Commission granted the application of Blue Ridge and ordered Atlantic to supply gas to it. Having been denied reconsideration, Jobbers petitioned us for review of the Commission's order of August 20. This proceeding is our No. 14,731. It has not been separately briefed and argued orally, but has been stayed to await our decision in No. 14,583, pursuant to a joint motion filed in No. 14,731 by Jobbers, Blue Ridge and the Commission in which they say, "The petition for review in No. 14583 raises the same issue that the petition for review herein raises."

■ Because of the identity of issues in the two pending cases, we ordered the parties to show cause why the stay order in No. 14,731 should not be set aside and why that case should not then be consolidated with No. 14,583, and treated as submitted on the briefs and oral argument in the latter. Blue Ridge and the Commission have consented to this procedure, but Jobbers has objected because it wants us to decide, not only whether it was properly denied intervention, but also whether it was entitled to a direct and immediate judicial review of the order denying intervention without awaiting the Commission's adoption of a final and undoubtedly reviewable order.

We consider Jobbers' response to the show cause order inadequate. We see no

reason to decide whether Jobbers prematurely petitioned in No. 14,583 for review of the order denying intervention dated June 26, 1958, because it did not wait for the Commission's final order. For the final order was entered August 20, 1958, and Jobbers' petition to review it on the ground of denial of intervention has been filed and is case No. 14,731. The intervention question being thus squarely presented, the possible prematurity of the first petition to review it has become moot.

Accordingly, the order staying No. 14,731 to await decision in No. 14,583 is vacated and the two cases are consolidated and treated as submitted on the briefs and oral argument heretofore had in No. 14,583—the issue in the cases being identical.

■ As we said in the previous opinion, "[I]f it [Jobbers] had a right to intervene, denial of that right by the Commission was erroneous." Our task, then, is to decide whether Jobbers had standing sufficient to entitle it to intervene as a matter of right.

The Supreme Court held in Federal Communications Comm. v. Sanders Bros. Radio Station, 1940, 309 U.S. 470, 642, 60 S.Ct. 693, 84 L.Ed. 869, 1037, and Scripps-Howard Radio, Inc. v. Federal Communications Comm., 1942, 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229, that the economic injury which may result from the grant of a new license permits an existing station to appeal as a "person aggrieved" under § 402(b) of the Communications Act, 47 U.S.C.A. § 402(b).[1]

In the National Coal Ass'n opinion, we held that an association of coal mine op-

---

1. The Commission seeks to avoid the Sanders Bros. ruling by arguing that Jobbers, in order to establish standing to intervene, must show not only economic injury but also that it could represent the public interest and that it was necessary for it to do so. In support of this contention, the Commission relies upon Singer & Sons v. Union Pacific R. Co., 1940, 311 U.S. 295, 61 S.Ct. 254, 85 L. Ed. 198. In City of Pittsburgh v. Federal Power Comm., 1956, 99 U.S.App. D.C. 113, 237 F.2d 741, we held the

Singer decision inapplicable to the right of a competitor to have review of an order of the Power Commission under the Natural Gas Act. It is similarly inapplicable to a competitor's right to intervene on the ground of economic injury in an administrative proceeding under the Act.

On oral argument, the Power Commission said it has the power to exclude from intervention competitors who it thinks are unable to represent the public interest or who are not needed as par-

erators was "aggrieved," within the meaning of § 19(b) of the Natural Gas Act, by an order authorizing gas service in its market area, and entitled to review of the substantive issues involved. So, the National Coal Ass'n case and City of Pittsburgh v. Federal Power Comm., 1956, 99 U.S.App.D.C. 113, 237 F.2d 741, which is to the same effect, expressly extended to a competitor the right to appeal from a final order in proceedings under § 7(a) of the Natural Gas Act, on the ground that the resulting competition may work economic injury to him.

As a result of the gas service from Atlantic to Blue Ridge, which has been ordered by the Commission, fuel oil dealt in by Jobbers' members will be in competition with natural gas introduced into a new market through interstate commerce. They will be directly competing for fuel revenues with both Blue Ridge and Atlantic, the latter being subject to the jurisdiction of the Power Commission. We hold, therefore, that their Association had a right to intervene in the proceeding before the federal commission, under the principles elaborated in the City of Pittsburgh and National Coal Ass'n cases, since the right to appeal from an order presupposes participation in the proceedings which led to it.[2]

The Commission's order of June 26, 1958, denying intervention to Jobbers, and its order of August 20, 1958, directing Atlantic to make a gas supply available to Blue Ridge, will be set aside; and the cases will be remanded to the Commission with directions to permit Jobbers to intervene, and then to conduct a new hearing on the Blue Ridge application for gas service from Atlantic.

Reversed and remanded for further proceedings.

ties for that purpose, on the ground that they might introduce duplicative and irrelevant evidence, thus unnecessarily prolonging the administrative proceeding, and tending to make it unmanageable. We do not agree that the Commission has such power, or that it should have it in order properly to perform its functions. Efficient and expeditious hearing should be achieved, not by excluding parties who have a right to participate, but by controlling the proceedings so that all participants are required to adhere to the issues and to refrain from introducing cumulative or irrelevant evidence.

2. The Commission's argument that amended § 1(c) of the Natural Gas Act provides authority for denying intervention is not convincing. The legislative history of the amendment shows its purpose was to overcome the Supreme Court's decision in Federal Power Comm. v. East Ohio Gas Co., 1950, 338 U.S. 464, 70 S.Ct. 266, 94 L.Ed. 268. See S. Rep. 817, 83d Cong., 2d Sess. (1954). Although the amendment effectively affirms the exemption of Blue Ridge from certification by the Commission with respect to its intrastate consumer extensions, we see nothing in its language or history that permits the Power Commission to exclude Jobbers in the proceeding before that body. The amendment does not concern itself with intervention rights.