PUBLIC SERVICE COMMISSION OF
THE STATE OF NEW YORK,
Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent, Tidewater Oil Company, The Superior Oil Company, Union Oil Company of California, Phillips Petroleum Company, Trunkline Gas Company, Nicklos Oil and Gas Company, Consumers Power Company and Michigan Gas Storage Company, Pan American Petroleum Corporation, Michigan Public Service Commission, Intervenors.

PUBLIC SERVICE COMMISSION OF
THE STATE OF NEW YORK,
Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent, Shell Oil Company, South Texas Natural Gas Gathering Company, Intervenors.

PUBLIC SERVICE COMMISSION OF
THE STATE OF NEW YORK,
Petitioner,

v.

FEDERAL POWER COMMISSION, Respondent, Shell Oil Company, South Texas Natural Gas Gathering Company, Union Producing Company, Intervenors.

Nos. 15365, 15366, 15580.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 14, 1960.

Decided April 28, 1960.

Petition for Rehearing Denied
June 1, 1960.

No. 15365:

Mr. J. P. Hammond, Tulsa, Okl., of the bar of the Supreme Court of Oklahoma, pro hac vice, by special leave of Court, argued the motion to dismiss for Pan American Petroleum Corporation. With him on the motion were Messrs. William J. Grove, Carroll L. Gilliam,

Washington, D. C., and John Paul Sullivan, St. Louis, Mo.

Mr. H. W. Varner, Houston, Tex., argued the motion to dismiss for The Superior Oil Company.

Mr. Harry S. Littman, Washington, D. C., argued the motion to dismiss for Trunkline Gas Company. With him on the motion was Mr. Dale A. Wright, Washington, D. C.

Mr. Lawrence A. Baker, New York City, was on the motion of intervenors Consumers Power Company and Michigan Gas Storage Company to dismiss.

Mr. Charles E. McGee, Washington, D. C., was on the motion of intervenor Phillips Petroleum Company to dismiss.

Mr. Thomas Fletcher, Houston, Tex., was on the motion of intervenor Nicklos Gas and Oil Company to dismiss.

Mr. Kent H. Brown, Albany, N. Y., for petitioner argued in opposition to the motions to dismiss.

Mr. David J. Bardin, Attorney, Federal Power Commission, argued for respondent. With him on the answers were Mr. Willard W. Gatchell, General Counsel, and Mr. Howard E. Wahrenbrock, Solicitor, of the Federal Power Commission.

Messrs. George D. Horning, Jr., and George J. Meiburger, Washington, D. C., entered appearances for intervenor Union Oil Company of California.

Mr. Thomas Fletcher, Houston, Tex., entered an appearance for intervenor Tidewater Oil Company.

Mr. James H. Lee, Lansing, Mich., entered an appearance for intervenor Michigan Public Service Commission.

No. 15366:

Mr. David J. Bardin, Attorney, Federal Power Commission, argued the motion to dismiss for respondent. With him on the motion were Mr. Willard W. Gatchell, General Counsel, and Mr. Howard E. Wahrenbrock, Solicitor, of the Federal Power Commission.

Mr. Kent H. Brown, Albany, N. Y., for petitioner argued in opposition to the motion. With him on petitioner's answer was Mr. J. David Mann, Jr., Washington, D. C.

Mr. Bradford Ross, Washington, D. C., entered an appearance for intervenor South Texas Natural Gas Gathering Company.

Mr. John H. Pickering, Washington, D. C., entered an appearance for intervenor Shell Oil Company.

No. 15580:

Mr. Kent H. Brown, Albany, N. Y., for petitioner.

Mr. Willard W. Gatchell, General Counsel, and Mr. Howard E. Wahrenbrock, Solicitor, of the Federal Power Commission, for respondent.

Mr. John H. Pickering, Washington, D. C., entered an appearance for intervenor Shell Oil Company.

Messrs. Bradford Ross, Washington, D. C., and David I. Granger, Washington, D. C., entered appearances for intervenor South Texas Natural Gas Gathering Company.

Mr. C. Huffman Lewis, Shreveport, La., entered an appearance for intervenor Union Producing Company.

Before PRETTYMAN, Chief Judge, and EDGERTON and BURGER, Circuit Judges.

PRETTYMAN, Chief Judge.

These are motions to dismiss two petitions to review orders of the Federal Power Commission, and a motion to consolidate one of the petitions with another, a third, similar petition. Two proceedings before the Federal Power Commission are involved, both concerning applications for certificates of public convenience and necessity under the Natural Gas Act. The Public Service Commission of the State of New York sought intervention in the proceedings and, upon denial of intervention, filed the petitions for judicial review. The stages in the Federal Commission's proceedings at which the New York Commission filed for review were different, and the circumstances in the cases differ. But the

problems presented are interwoven, and for that reason we shall discuss and dispose of them in this one opinion.

## No. 15365

The proceeding before the Commission having been inaugurated, the New York Commission sought intervention; intervention was denied; reconsideration was sought and was granted; and the applicant was allowed a limited participation in order to make a showing of its interest. There was some confusion, or misunderstanding, at this point. The New York Commission says it did not understand that it was under obligation to present its proof at a certain hearing before the trial examiner, but the Federal Commission insists that this was the opportunity offered and that the applicant failed to take advantage of it. However that may be, on March 26, 1959 the Federal Commission issued an order, in which it denied reconsideration, declined to accept the offer of proof, and denied intervention. The key fact in the part of the problem immediately under consideration is that the New York Commission did not petition for review of that order.

The proceeding continued. Six days after the order of March 26th the hearing examiner handed down his initial decision, which was to deny the certificates of convenience, and thus was in substance favorable to the interests urged by the New York Commission. In due course the Federal Commission considered the matter and, on May 22, 1959 (which was slightly less than sixty days after the order of March 26th), issued its order, in which it reversed the hearing examiner and granted the certificates. The New York Commission thereupon renewed its application for intervention and also sought reconsideration of this last order. The Federal Commission, on July 22nd, rejected those applications. On September 14th (which was within sixty days of the order of July 22nd) the New York Commission filed its petition for review, now in this court as No. 15365. Various intervenors before us moved to dismiss the petition for review, on the ground, *inter alia*, that it was not filed within the allowed time.

The procedural facts which we have related and other concurrent procedural facts which we have not related present a complicated picture. But the problem which they pose can be stated simply. The problem is whether a petitioner for intervention before the Federal Power Commission in a proceeding under the Natural Gas Act must petition for review of an order denying his intervention, or whether such a person may validly petition for a review of the final order of the Commission on the merits of the proceeding, raising at that time his right to intervene.

The provisions of the Natural Gas Act relating to judicial review are to be found in Section 19(b) of the Natural Gas Act, as amended.[1] In substance the provision is that any party to a proceeding aggrieved by an order may obtain a review in the Court of Appeals by filing a written petition within sixty days after the order of the Commission upon an application for rehearing. This statutory period is specific and unequivocal as the time within which the petition to review must be filed. It requires that the petition must be filed within sixty days after the order of the Commission upon the application for rehearing. Thus the problem before us is in three parts: (1) whether a would-be intervenor is a party to the proceeding when he has filed an application to intervene and his application has been denied; (2) whether he has been aggrieved by the denial; and (3) whether he remains a party to the proceeding until after the final order on the merits and is further aggrieved by that order if it be adverse to his interests.

■ We are of opinion that a would-be intervenor is a party to the proceeding in a particular and peculiar, limited

1. 52 Stat. 831 (1938), amended, 72 Stat. 947 (1958), 15 U.S.C.A. § 717r(b) (1958).

sense.[2] We think this participation places him within the statutory term "Any party to a proceeding". He is not a party in the full sense which would entitle him to take part in all the proceedings before the Commission, but he is a party to the extent that he has pending before the Commission a pleading the disposition of which affects his interest in the subject-matter of the controversy. He is a party to the record in a limited sense; he appears upon the record and helps to make the record in respect to the matter of intervention. Under traditional concepts he is entitled to petition for judicial review of that part of the record which he helped make and of the order dependent upon that part of the record.[3]

■ We think a would-be intervenor is aggrieved, within the meaning of the statute, when his application to intervene is denied. It is true that he is not then aggrieved in the sense that a determination has been made on the merits contrary to his interests. But he most certainly is aggrieved in the sense that his right to represent his interest before the Commission has been finally determined.[4]

■ It follows from the two foregoing conclusions that the New York Commission had a right to petition for review of the order of March 26th, which was the order which finally denied its application for intervention and denied reconsideration thereof. Since it had a right to file a petition at that point, the statute limited to sixty days the period within which it must exercise that right. Its failure to file such a petition was not rectified by the later renewal of the application to intervene and the petition to review the rejection of that application.[5]

■ We are of opinion that a would-be intervenor whose application to intervene has been denied is not a party to the full proceeding upon the merits and is not aggrieved, within the statutory meaning, at the time or upon the occasion of the entry of the final order by the Commission upon the merits.[6] Such a person has not been a party to the proceeding upon the merits. He has not participated in the making of the record upon which such a final order is predicated.[7] We summarize: A would-be intervenor is a party to a proceeding in a limited sense, restricted to the proceedings upon the application for intervention; he is aggrieved by the denial of his application; he is not a party to the proceeding in the full sense of the term and is not aggrieved by the final order upon the merits of the controversy.

Our conclusion is that the motions to dismiss this petition for review (No. 15365) must be granted. The petition

---

2. See Payne v. Niles, 20 How. 219, 61 U.S. 219, 15 L.Ed. 895 (1858) ; Johnson v. House, 171 Ga. 278, 155 S.E. 199 (1930).

3. See Braun v. Brown, 13 Cal.2d 130, 87 P. 2d 1009 (1939) ; City of Burlingame v. County of San Mateo, 103 Cal.App.2d 885, 230 P.2d 375 (1951). The requirement that one be a "party to the record" was strictly enforced under the old writ of error practice. Pound, Appellate Procedure In Civil Cases 136–137 (1941). Even though this restriction is not rigidly enforced in all cases under modern practice, see, e. g., 4 C.J.S. Appeal and Error § 402 (1957), the rigid structure of Section 19 of the Natural Gas Act seems to render appropriate application of the principles followed under the old writ of error practice.

4. See Voorhees v. Indianapolis Car & Mfg. Co., 140 Ind. 220, 39 N.E. 738, 740 (1895), for a succinct statement of the nature of the aggrievement.

5. See Pan American Petroleum Corp. v. Federal Power Comm'n, 268 F.2d 827 (10 Cir., 1959).

6. Cf. Brotherhood of Railroad Trainmen v. Baltimore & O. R. Co., 331 U.S. 519, 524, 67 S.Ct. 1387, 1389, 91 L.Ed. 1646 (1947) ; Thorpe v. North Moneta Garden Lands Water Co., 12 Cal.App. 186, 106 P. 1107 (1909) ; The Millwall, [1905] P. 155 (C.A.).

7. See cases cited in note 3, supra.

was not filed within the statutory sixty days after the order of March 26th.

### No. 15366

■ This petition also is to review an order denying intervention to the New York Commission in a proceeding before the Federal Power Commission under the Natural Gas Act. In this proceeding intervention was denied; reconsideration was sought and was denied in an order dated July 16, 1959. The petition for review now before us was filed September 14, 1959, which was on the sixtieth day after the order of July 16th and thus within the statutory period. Under the conclusions which we have stated hereinabove in regard to No. 15365, we are of opinion that this petition for review is properly before us, and the motion to dismiss must be denied.

### No. 15580

An additional complication is posed by reason of occurrences after the petition for review in No. 15366 was filed. The Federal Power Commission proceeded with the matter which was before it and is now here in No. 15366, just discussed. On December 1, 1959, it entered its final order on the merits, granting the certificates. At the same time it denied the request of the New York Commission that its intervention be permitted or acknowledged *nunc pro tunc* as of the date of the application. Application for reconsideration was made and denied, and the New York Commission filed a petition for review of the final order. That petition is on our calendar as No. 15580. A motion to consolidate that petition (No. 15580) with the petition which we have been discussing (No. 15366) is now before us.

Let us make clear at this point the precise question which is before us. We are not now concerned with the question whether the New York Commission should or should not have been permitted to intervene in the proceeding before the Federal Commission. We are now con-cerned only with the question whether the New York Commission's petitions, or either of them, for judicial review of the orders denying intervention are properly here and can be maintained. The problem now before us is whether to dismiss these petitions for review, or either of them.

Two interrelated problems are evident: (1) whether, if the two cases are consolidated, the question of the timeliness of the petition to review the intermediate order simply denying intervention (No. 15366) would be mooted because the petition to review the final order on the merits and the accompanying order finally denying the renewed application for intervention (No. 15580) raises essentially the same question raised in No. 15366, i. e., the denial of intervention; and (2), more basically, whether completion by the Federal Commission of final action on the merits of the proceeding before it and the termination of that proceeding renders moot a prior-filed petition to review an intermediate order denying intervention, thus precluding judicial review of the denial because of our determination in No. 15365 that a would-be intervenor cannot raise the question of the denial of intervention in a petition to review the final order on the merits.

■ In the Virginia Petroleum Jobbers case [8] we did consolidate the two petitions for review, one from the order denying intervention and the other from the final order on the merits, but in that case it was not necessary for us to meet the problem of the necessity for the would-be intervenor to seek judicial review of the intermediate order denying him intervention, and we did not reach that question. In the cases at bar (Nos. 15365 and 15366) we have two separate Commission proceedings before us, and in one of them (No 15365) we are required to decide that problem, and have decided it, as indicated hereinabove un-

8. Virginia Petroleum Job. Ass'n v. Federal Power Comm'n, 105 U.S.App.D.C 172, 265 F.2d 364 (1959).

der the heading "No. 15365". That decision bears upon the effects which would flow from a present consolidation of the petition to review the intermediate order and the petition to review the final order on the merits (Nos. 15366 and 15580). We are of opinion that, since the petition to review the intermediate order (No. 15366) was properly brought here at the time it was brought, it cannot be mooted by any action of the Federal Commission.[9] If a person has applied for intervention in a proceeding and been denied intervention, and has validly brought the order of denial to this court for review, the administrative agency cannot destroy the jurisdiction of this court by simply taking final action in the proceeding, the would-be intervenor being absent from that proceeding. Such a holding would create too ready a means by which the administrative agencies could thwart the power of a reviewing court to pass upon the validity of orders denying intervention. Such applicants for intervention have a right to judicial review of such denials.

■ From the premise that the proper time for petitions to review denials of intervention is within the statutory period after the orders of denial, it follows that the petition to review the final order (No. 15580) does not present for decision the right of the New York Commission to intervene in the proceeding. If it be decided upon the merits in No. 15366 that the order denying intervention was in error and that the New York Commission should have been allowed to intervene in the opening stages of the proceeding before the Federal Commission, it will follow that the proceeding before the Commission would have to be reopened to permit the New York Commission to become a full participant in the proceeding and to present whatever evidence and argument it might choose to present, thus rendering moot the petition to review what had been the final order (No. 15580). If, on the other hand, it should be decided on the merits in No. 15366 that the New York Commission had properly been denied intervention, it would follow that its petition to review the final order is not properly here, since the New York Commission would not, under that ruling, be either a party to the proceeding or aggrieved by the final order.

■ Implicit in the argument on behalf of the New York Commission is the suggestion that, if the court decides it should have been permitted to intervene, it could be deemed to have been an intervenor from the time of its application to intervene and that under such view it could be deemed to have been a party in the fullest sense throughout the proceeding, and thus could be deemed to have been a party to the proceeding at the time of the final order and so to have been aggrieved by the final order. Under that conception, it might be suggested, its petition to review the final order (No. 15580) would be properly here. We think, however, that the orderly administration of justice in these matters would not permit us to accept as a premise for jurisdiction a speculative assertion made to us by a person to the effect that, if it (the person) be deemed to have been a party to the administrative proceeding *nunc pro tunc* the beginning of the proceeding, it would have offered no evidence or contention of any sort during the proceeding and thus might properly be deemed to have been a party to the full proceeding and aggrieved by the final order, and that thus its petition to review the final order, filed before it was actually ruled to have been a proper intervenor, would lie. The statute [10] provides that "No objection to

9. Cf. Jesswein v. LaSalle State Bank, 101 Ind.App. 79, 198 N.E. 101 (1935); Thorpe v. North Moneta Garden Lands Water Co., 12 Cal.App. 186, 106 P. 1107 (1909). The court in Thorpe said: "Upon the making of the order he was entitled to an immediate appeal therefrom, free and unhampered by the subsequent proceedings in the action or final judgment rendered against the defendant."

10. Sec. 19(b), supra note 1.

the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do." The policy requiring a party to seek a rehearing is to enable the agency to take corrective action before judicial review, thus possibly rendering the latter unnecessary. Under the statute here involved, the Federal Commission should not entertain from one denied intervention an application for rehearing after a final order.[11] Were we to accept the implications of the New York Commission's position, we would be saying that an application for rehearing which cannot and should not be considered on its merits by the Federal Commission, under this particular statute, is sufficient to satisfy the review provisions of the statute. Such a defeat of Congressional policy cannot be permitted, absent plain words contrary to apparent policy.

It follows from the foregoing that we are of opinion that in no event could it be held that the petition brought by the New York Commission to review the final order (No. 15580) will lie. Under any possible outcome on the merits in No. 15366 the petition to review the final order, which is now here as No. 15580, would have to be dismissed. It seems to us, therefore, that the orderly procedure is to grant the motion to consolidate No. 15366 and No. 15580, which action brings the latter petition (No. 15580) before us, and *sua sponte* to dismiss the latter petition.

The motions to dismiss in No. 15365 are granted; the motion to dismiss in No. 15366 is denied; the motion to consolidate No. 15366 and No. 15580 is granted; and the petition to review in No. 15580 is dismissed.

So ordered.

11. It is established that a person who is not a party to a proceeding cannot file a petition for rehearing. Episcopal Theological Seminary of the Southwest v. Federal Power Comm'n, 106 U.S.App.D.C.

37, 269 F.2d 228 (D.C.Cir.), certiorari denied sub nom. Pan American Petroleum Corp. v. Federal Power Comm'n, 361 U.S. 895, 80 S.Ct. 197, 4 L.Ed.2d 151 (1959).